Harness *et al. v.* The State, *ex rel.* Turley, Guardian, etc.

Filed January 23, 1896.

No. 17,679.

## HARNESS ET AL. *v.* THE STATE, EX REL. TURLEY, GUAR., ETC.

APPELLATE PROCEDURE.—*Brief.*—*Violation of Supreme Court Rule 26.*—Objections to the ruling upon demurrer to certain paragraphs of an answer will not be considered on appeal where such paragraphs are not set out in the briefs, and there is no reference to the page and line of the transcript where they may be found, as required by the Supreme Court Rule 26.

SAME.—*Brief.*—*No Reference to Page and Line of Record.*—*Instructions.*—Objections to instructions cannot be considered on appeal, where the instructions are not set out in the brief, and no reference is given therein as to the place in the record where they may be found.

SAME.—*Refusing to Submit Interrogatories.*—*Absence of Evidence from Record.*—Error in submitting interrogatories cannot be considered on appeal in the absence of the evidence.

SAME.—*Amount of General Verdict.*—*Presumption.*—*Evidence not in Record.*—The amount of a general verdict will be presumed on appeal to have been warranted by the evidence, where the evidence is not brought up.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.* —Sustaining a demurrer to a paragraph of an answer in a suit upon

a guardian's bond, alleging that the money was received by the guardian before his appointment, is not prejudicial error, where a general denial was filed.

From the Howard Circuit Court.

*B. F. Harness, J. C. Herron, M. Bell* and *W. C. Purdum*, for appellants.

*J. C. Blacklidge* and *C. C. Shirley*, for appellee.

JORDAN, J.—The relator, as the guardian of certain minors, instituted this action upon the bond of a former guardian of his said wards, and recovered a judgment for four thousand dollars. The appellants, William W., George W. and William Harness (the two latter being the sureties of the former on the bond in suit) prosecute this appeal and have jointly assigned the following errors:

1.   That the complaint does not state facts sufficient.

2.   Overruling the demurrer to each paragraph of complaint.

3.   That the court erred in sustaining a demurrer to the third, fourth and fifth paragraphs of the answer, and to each one thereof.

4.   That the court erred in sustaining the demurrer to the seventh paragraph, the same being the joint answer of George W. and William Harness.

5.   That the court erred in overruling a motion to strike out certain interrogatories propounded to the jury.

6.   That the court erred in striking out certain interrogatories.

7.   That the court erred in overruling the motion for a new trial.

Appellants George W. and William Harness have also separately assigned as error the ruling of the court

in sustaining the demurrer to the seventh paragraph of answer. The complaint, which is quite lengthy, assigns numerous breaches of the guardian's bond, and among other things alleges that on the 27th day of February, 1883, the defendant William W. Harness was by the Howard Circuit Court appointed guardian of the relator's ward; that he duly qualified as such guardian according to law, and, together with his co-defendants in the action, executed the bond in suit, a copy of which is filed with the complaint. One of the breaches assigned is that the guardian failed and neglected from the 12th day of March, 1890, to February 3, 1894, to report to the proper court the receipts and expenditures in his said trust. It is also alleged that he, as such guardian, received large sums of money belonging to the wards, which he has converted to his own use, etc., and various sources from which these sums were received by him are set forth in the pleading. After unsuccessfully demurring to the complaint, appellants, it seems, filed an answer of eight paragraphs, one of which was the general denial.

The only criticism against the complaint made by counsel for appellants is that it does not sufficiently aver that the moneys sought to be recovered were received by the guardian after his appointment and qualification as guardian. We think the pleading in question sufficiently shows that the money in controversy was received by the guardian and in his hands as such, and that he was chargeable therewith after his appointment and the execution of the bond in suit. Appellants complain of the action of the court in sustaining the demurrer to the third, fourth, fifth and sixth paragraphs of the answer. These paragraphs are not even set out in their brief in substance, and there is no reference whatever therein as to the page and line of the

transcript where they may be found. This is a gross neglect to comply with, or observe the requirement of, rule 26 of this court. Parties and their counsel are in duty bound upon appeals to this tribunal to keep in mind the rules governing the procedure therein. These rules upon the subjects of briefs are explicit and salutary, and even a supersedeas brief must refer to the record by "pages and lines." Such rules prevail in all courts of appellate jurisdiction, and litigants therein are everywhere required to yield a strict obedience thereto. Counsel for parties on appeal are at least presumed to be acquainted with the record, and it is incumbent upon them to specifically refer to the record, and thereby acquaint the court with the parts thereof of which an examination is desired. We are not required and cannot be expected, unaided, to search a voluminous record in order to verify supposed errors. For the reasons stated, appellants' contentions as to the sufficiency of these several paragraphs must be dismissed without consideration. The seventh paragraph of answer filed by the two appellants, who are the sureties on the bond in suit, is set forth in full in appellants' brief. It was apparently addressed to some part of the complaint whereby it was sought to hold the guardian to account for an item of $707.75 received by him. By this paragraph it is alleged, as a defense to this item, that the money in question was received by the principal on the bond prior to his appointment as guardian, and was not received in his capacity as such trustee.

Under relator's complaint, in order to recover this sum, or any part thereof, in this action, he was required to show by a preponderance of the evidence that this money, in consideration of law, was subsequent to the appointment of the guardian, in the hands of the latter as means belonging to his wards, and for which he was

liable to account, and as the facts alleged in this paragraph could, at most, but negative the evidence of the appellee upon this point, they would be admissible for this purpose under the general denial, which appellants had pleaded in answer to the complaint.  Hence, for this reason alone, the ruling of the court in sustaining the demurrer to the paragraph in question will be deemed to have been harmless, and therefore under the circumstances not available in this appeal.  Appellants next complain of certain instructions given by the court to the jury, but these are not set out in the brief, and no reference therein whatever is given advising this court where in the record they or any others may be found, and under the rule heretofore stated, and for the reasons given, we cannot consider the alleged objections to the instructions in question.  Appellants assigned as part of their reasons for a new trial that the court erred in submitting to the jury certain interrogatories, and their counsel affirm that if this court will carefully examine each of these numerous interrogatories, "it will be seen that many of them contain what purports to be the evidence in the case, and false assumptions of counsel as to the facts proved, and many other matters calculated to confuse and mislead the jury."  In the absence of the evidence, we have no legitimate way of knowing whether the interrogatories assailed are open to the objections urged against them; and therefore we must presume that appellants were not prejudiced by the action of the court in submitting them to the jury.  Error in the assignment of the amount of recovery that the same is too large was also assigned as a ground for a new trial, and appellants have extended their brief in the discussion of this point.  But, as the evidence is not before us, we cannot pass upon the question, and must presume that under the evidence on the trial the jury

in the amount awarded by their general verdict correctly discharged its duty.   No motion appears to have been made by appellants upon the special findings, for a judgment in any respect therein in their favor, notwithstanding the general verdict, hence we are not authorized to look to the interrogatories to ascertain whether the amount of recovery returned by the verdict is too large.

No available error being presented, the judgment is therefore affirmed.