FERGUSON ET AL. *v.* EIKENBERRY ET AL.

[No. 27,508.   Filed April 1, 1941.]

*Elliott & Fell* and *Joseph Cripe,* all of Kokomo, for appellants.

*James L. Overson,* of Kokomo, and *Henry M. Dowling,* of Indianapolis, for appellees.

FANSLER, J.—Nancy A. Eikenberry died testate. Martha Crumet Jackson filed what is denominated a petition to determine heirship. There was a trial, special finding of facts, conclusions of law, and a judgment from which this appeal is taken.

Error is assigned upon the overruling of appellants' motion for a new trial and upon the conclusions of law. The motion for a new trial specifies that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellants' brief discloses a petition by Martha Crumet Jackson, who is not an appellant: It does not disclose that the appellants were plaintiffs or that they were defendants. They are named with many other persons in an exhibit, in the nature of a family tree, attached to the complaint. Neither the special finding of facts, nor the conclusions of law, nor the judgment, is set out in the brief. The judgment is described as directing that the executor make distribution of the estate to the appellees, other than the executor, under item two of the codicil of the will of Nancy A. Eikenberry. The will is not set out in the brief. If the appellants were parties to the record or parties to the judgment, the brief does not disclose the fact. It is true that the brief shows that the appellants filed a motion for a new trial, which was overruled. Why it was overruled is not disclosed. It may have been because they were not parties.

The appellants contend that the only question presented by their petition, and which could properly have been adjudicated by the court, was the question of

heirship. But, from the description of the judgment contained in the brief, it does not appear that this question was adjudicated or determined. They contend that there was no action to interpret the will or codicil. However, most of their points and authorities are directed to questions involving the construction or interpretation of wills.

From the brief we are unable to determine whether the appellants were parties to the judgment or the record. Since the special findings are not set out, we are not able to determine who, if any one, the court found to be the heirs at law of Nancy A. Eikenberry. Nor can we say that the findings are not supported by the evidence. We are unable to say that the court erred in its conclusions of law, since the conclusions are not disclosed by the brief. If the will is construed, and it seems to have been, we are unable to say from the brief that the construction is incorrect, since neither the will, nor the facts found concerning it, nor the conclusions of law upon the facts are disclosed by the brief.

It has long been settled that this court will not search the record to find cause for reversal. It is true that the strictness of requirements as to the preparation of briefs has been somewhat relaxed, but this is only in cases where the court can clearly understand from the briefs the question sought to be presented.

Since no error is made to appear, the judgment is affirmed.

NOTE.—Reported in 32 N. E. (2d) 887.