MEYER *v.* GREENWOOD ET AL., ETC.

[No. 18,619. Filed March 2, 1955.]

*Doran & Manion,* of South Bend, for appellant.

*Hahn & Zimmerman* and *James D. Nafe,* all of South Bend, for appellees.

CRUMPACKER, J.—The appellant assigns as sole error in this appeal the sustaining of demurrers to the three paragraphs of his complaint but his brief fails to set out either the complaint or the demurrers addressed thereto. Rule 2-17 requires that appellant's brief contain a concise statement of so much of the record as fully presents every error and objection relied upon referring to the pages and lines of the transcript and, concerning this rule, it has been held that objections to the ruling on a demurrer will not be considered on appeal where the pleading to which it is directed is not set out in the brief, and there is no reference to the page and line of the transcript where it may be found. *Harness* v. *The State ex rel. Turley, Guardian, etc.* (1896), 143 Ind. 420, 42 N. E. 813. However, since this decision, strictness in the application of the rules pertaining to briefing has been relaxed somewhat in cases where the court, on appeal, can clearly understand from the briefs the question sought to be presented. *Ferguson* v. *Eikenberry* (1941), 218 Ind. 370, 32 N. E. 2d 887. The appellees make no point of the defects in the appellant's brief but on the contrary stated, in the oral presentation of their case, that they purposely refrained from doing so in order that the ruling on the demurrers might be reviewed on its merits.

The appellant's brief shows that he filed a complaint in the St. Joseph Superior Court which sought the recovery of damages for personal injuries on the theory that the appellees are retail purveyors of meat and as such sold him a quantity of raw pork infested with trichinae which he properly cooked and ate and as a consequence became ill with a disease known as trichinosis. The complaint is in three paragraphs the first of which counts on common law negligence, the second on a violation of the Indiana statutes concerning adulterated foods and the third on a breach of implied warranty. All three paragraphs allege that the pork in question was *properly* cooked before eaten. The parties agree that the demurrers to these paragraphs of complaint were presented and sustained primarily upon the theory that it is a scientific fact, of which courts take judicial notice, that a human being cannot contract the disease known as trichinosis from eating pork which has been *properly* cooked and therefore the complaint, and each paragraph thereof, shows on its face that the appellant seeks recovery on the basis of a factual impossibility. All this clearly appears from a perusal of the briefs of the respective parties and under such circumstances it seems to us that we are justified in holding that our rules on brief making have been substantially met. *City of Indianapolis* v. *Butzke* (1940), 217 Ind. 203, 26 N. E. 2d 754, 27 N. E. 2d 350.

Trichinae are parasitic worms which imbed themselves in the muscular tissue of some animals, including swine, and when taken into the human system cause a disease known as trichinosis which is characterized by muscular swelling, pain and fever. Ordinarily human beings acquire trichinosis as a result of eating infected, imperfectly cooked pork or products containing muscle

tissue of swine. Leaflet No. 34, U. S. Dept. of Agriculture.

It seems to us that the propriety of the court's ruling on the demurrers in question depends on the meaning of the term "properly cooked" as used in the appellant's complaint. If it means exposed to a degree of heat sufficient to kill all trichinae with which any given piece or pieces of pork may be infected it naturally follows that its consumption cannot result in trichinosis and it can properly be said that the complaint counts on a factual impossibility. The Appellate Court of Illinois took this position in *Nicketta* v. *National Tea Co.* (1940), 338 Ill. App. 159, 87 N. E. 2d 30, wherein the plaintiff sued the defendant for alleged breach of warranty that pork purchased from it would be fit for human consumption after "proper cooking." The court said: "They allege a factual impossibility, a fact irrefutable by a well established rule, of which it is the duty of the trial court to take judicial notice, namely, that a human being cannot acquire trichinosis from pork which has been properly cooked."

On the other hand the Massachusetts courts have held that whether pork has been properly cooked is a jury question to be determined from the pertinent facts. This would indicate that, in Massachusetts at least, a jury could lawfully find that one had cooked pork properly but nevertheless had contracted trichinosis as a result of its consumption. *Arena* v. *John P. Squire Co.* (1947), 321 Mass. 423, 73 N. E. 2d 836; *Holt* v. *Mann* (1936), 294 Mass. 21, 200 N. E. 403. This, of course, is the equivalent of saying that one who alleges that he became ill with trichinosis from eating properly cooked pork does not allege a factual impossibility.

Our courts will take judicial notice of such matters of science as are well known to all men of ordinary

understanding and intelligence, *Angola R., etc. Co. v. Butz* (1913), 52 Ind. App. 420, 98 N. E. 818, but we have no local guide for the solution of the specific problem here presented. We think it is a matter of common knowledge that there is danger of illness as a consequence of eating underdone pork and of that fact we take judicial knowledge. However we cannot say, for example, that an experienced cook who prepares a shoulder of pork for the table by roasting it for two hours in an oven set at 400 degrees temperature and by testing it from time to time to determine its readiness for eating, has not properly cooked it solely because trichinosis follows its consumption. As was said in *Holt* v. *Mann, supra*: "It is true according to the evidence that trichinae are killed by exposure to heat of 137 degrees Fahrenheit. But in ordinary household cooking it is not easy to be sure that every part of a ham will be heated to so high a degree. It could have been found that the ham was cooked as thoroughly as could be expected in a family but without killing trichinae with which it was infested."

It is our opinion that the term "properly cooked," as used in the appellant's complaint, means cooked in a manner reasonably to be expected of a person charged with knowledge of the danger to health involved in eating underdone pork. In this sense the complaint does not count on a factual impossibility nor show contributory negligence as a matter of law.

Sec. 35-3104, Burns' 1949 Replacement, prohibits the sale of adulterated food and §30-3202 provides that if any food "is in whole or in part the product of a diseased animal or of an animal which has died otherwise than by slaughter or has been fed upon uncooked offal from a slaughter house" is to be considered adulterated. No Indiana case has been found

construing the applicability of these statutes to pork infested with trichinae and there is a conflict of authority in other jurisdictions in which similar statutes have been construed. Technically it would seem that the complaint herein shows a violation of our adulterated food act which constitutes negligence *per se*. If there are facts and circumstances peculiar to trichinae infested pork which take it out of the operation of the act it seems to us that they should be pleaded by way of answer and a demurrer thereto would squarely present the question. The same thing may be said in reference to that paragraph of the complaint which counts on an implied warranty of fitness. If there is anything unusual about trichinae infected pork that limits the seller's warranty to a representation that it is fit for human consumption only if cooked sufficiently to destroy the trichinae the facts that make it so should be pleaded by way of answer.

Judgment reversed with instructions to overrule the demurrers to the complaint.

NOTE.—Reported in 124 N. E. 2d 870.