WISCHMEYER ET AL. *v.* LITTLE ET AL.

[No. 19,167. Filed September 15, 1960. Rehearing denied November 18, 1960. Transfer denied February 14, 1961.]

*Philip R. Correll,* of Indianapolis, for appellants.

*Campbell, Campbell, Malan & Kyle,* of Noblesville and *Johnson & Weaver,* of Indianapolis, for appellees.

BIERLY, C. J.—This is an action filed by appellees in two paragraphs concerning real estate in Marion County, Indiana. The first paragraph of the complaint was to quiet title and the second was for damages for depositing debris on the land sought to be quieted in said complaint.

Appellees filed a supplemental complaint in addition to the two paragraphs of the complaint heretofore stated and sought an injunction against appellants for the use of a roadway across the real estate in question.

Appellants answered appellees' complaint and in addition thereto filed the cross-complaint. Neither the answer nor the cross-complaint are in the record. Appellants' answer to the supplemental complaint is in the record, as is appellees' answer to the cross-complaint of appellants.

The cause was tried in the Hancock Circuit Court on a change of venue and before the court without a jury. The record discloses no findings of fact nor conclusions of law nor does the record disclose that either party requested the court to enter findings of fact and conclusions of law. Judgment was entered by the court for the appellees quieting their title to the land described in said complaint and sought to be quieted, and furthermore enjoined the appellants from using the roadway across said land. Further, the court entered judgment for the appellants on the second paragraph of appellees' complaint and allowed nothing in the matter of the alleged damages.

Appellants timely filed a motion for a new trial asserting that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law. The court overruled said motion and this appeal followed.

The appellants' Assignment of Errors, omitting caption and signatures of counsel, read as follows:

"The appellants, Louis H. Wischmeyer and Nellie J. Wischmeyer, respectfully show to the court that there is manifest error of the judgment and proceedings of the trial court in this:

1. That the court erred in overruling the defendants' (appellants') motion for a new trial in that, to wit:

(a) The decision of the court is not sustained by sufficient evidence.

(b) The decision of the court is contrary to law.

(c) The decision of the court is not sustained by sufficient evidence and is contrary to law."

The only matter placed in contention by appellants' argument concerns the sufficiency of the evidence to sustain the appellees' complaint to quiet the title to the real estate. It is therefore unnecessary to consider any other matters than those presented by appellants in their argument. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326; *Hunt* v. *State* (1956), 235 Ind. 276, 133 N. E. 2d 48; *Huff et al.* v. *Ind. State Hwy. Comm.* (1958), 238 Ind. 280, 149 N. E. 2d 299.

The fact that some of the pleadings are absent from the record will not preclude a consideration of the question argued where the court can sufficiently understand the issue or issues involved. *Meyer* v. *Greenwood et al. etc.* (1955), 125 Ind. App. 288, 124 N. E. 2d 870. The evidence in the trial below appears to be in the Bill of Exceptions and appellees do not otherwise contend. Appellees have also supplied in their brief various omissions in appellants' brief which they are authorized to do by Supreme Court Rule 2-18.

The only questions upon this appeal are whether or not there was sufficient evidence to warrant the trial court to quiet title to the disputed real estate in appellees as prayed for in their complaint and whether the decision of the court is contrary to law because of the insufficient evidence.

On June 30, 1925, appellees received a warranty deed from Fred W. Schmidt and his wife to certain real estate which is referred to in this cause as Tract II. Tract II is located in the City of Indianapolis along East Washington Street in Marion County in the 8400 block and having a frontage of 65.47 feet along said street. This tract extends south from Washington Street of a distance of approximately 1,000 feet to a railroad track. Appellants, as disclosed by the evidence, owned several tracts of real estate which are adjacent to and west of appellees' Tract II. Fenton Avenue runs approximately parallel to the east boundary of said Tract II.

No controversy exists as to the ownership of Tract II, as shown on Plaintiffs' Exhibit 3, and as described in a survey of the same on Plaintiffs' Exhibit 5. Further, no controversy was in evidence relative to Tracts III and IV shown on Plaintiffs' Exhibit 3, and it was admitted that said tracts were owned by the appellants and lay west but adjacent to said Tract II.

Tract I, the land in controversy, and as shown on both Plaintiffs' Exhibits 3 and 5, is a narrow strip of land lying between Tract II aforesaid and Fenton Avenue. The exact boundary of Tract I along Washington Street and along the railroad track is not made definite as is disclosed by the evidence, but it appears to be a variation from 9.95 feet to 12.22 feet along Washington Street and tapering approximately to 1.72 feet, more or less, along the railroad. The record discloses

that Fenton Avenue when improved in the year 1935, apparently was not laid out in a straight north and south direction. Plaintiffs' Exhibit 5 indicates the width of Tract I along Washington Street as being 9.95 feet, and that the width of said tract along the railroad or south end as being 1.7 feet.

It appears from the record that Fred W. Schmidt and wife, were the owners in fee simple of a tract of land which became delinquent for non-payment of taxes in 1938. In 1941, a part of said tract of real estate was sold to satisfy delinquent taxes. The appellants, Louis H. Wischmeyer and Nellie J. Wischmeyer, husband and wife, became the purchasers thereof, and, in due course were issued a tax title deed by the Auditor of said county on October 28, 1943. Plaintiffs' Exhibit 9 is a certified copy of said tax deed. The description of the real estate as given in said tax title deed is as follows:

"The tract or parcel of land mentioned in said certificate, situated in the County of Marion and State of Indiana, and described as follows, namely: 12.22 ft. x 999.5 com. 2295.62 ft. E of SW cor. SE ¼ bet Road & RR Sec 6 15 5 .28 Ac."

Said deed was duly entered for taxation October 28, 1943.

On June 30, 1925, the appellees, Frank E. Little and Elizabeth Little, his wife, acquired title to real estate in Marion County described and designated "Plaintiffs' Exhibit 1" which was introduced and read in evidence and referred to as Tract II. Said description of real estate is as follows: .

. "Part of the Southwest quarter of Section six (6) Township fifteen (15), North of Range Five (5), East described as follows:—Beginning in the center of the National Road at a point two thou-

sand two hundred Twenty-nine and 87/100 (2229.87) feet (measured along the center of said road), east of the west line of said section 6 and running east along the center of said Road sixty-five and 47/100 (65 47/100) feet, thence South parallel to the west line of said Section 6, Nine hundred ninety-nine and 5/10 (999 5/10) feet to the center of the P. C. C. and St. L. Railroad or Pennsylvania lines, thence westwardly with the center of said railroad, Sixty-five and 47/100 (65 47/100) feet to a point, thence north Nine Hundred Ninety-nine and 7/10 (999 7/10) feet to the place of beginning, containing one and one-half (1½) acres, more or less, subject to the right of way of said railroad and all legal highways."

On order of one of the purchasers, Frank E. Little, a survey of the foregoing described real estate was made by a registered engineer, dated September 29, 1951. This survey known as "Plaintiffs' Exhibit 5" was introduced and read in evidence without objection and the description thereof is identical with the description of the real estate as set forth above in Plaintiffs' Exhibit 1.

A penciled sketch known as "Plaintiffs' Exhibit 3" was introduced and read in evidence. This purports to be a drawing of the general area of the vicinity of Fenton Avenue and Washington Street, Indianapolis, Indiana. On this drawing are strips of real estate marked by Roman Numerals I, II, III, IV and V. According to the record, Frank E. Little, appellee, testifying on direct-examination, stated that the strip marked "I" lay between appellees' said parcel of real estate known as "Tract II" and Fenton Avenue. Appellee, Little, further testified that appellees are claiming Tract I by virtue of a quit claim deed executed by Mary E. Schmidt et al., as heirs of Fred W. Schmidt, on April 15, 1955, the description in which embraced the parcels of real estate marked I and II in Plaintiffs'

Exhibit No. 2. Little further testified that appellants owned adjacent parcels of real estate designated "3" and "4" to the west and adjacent to parcel II.

Frank E. Little testified that he and his wife, Elizabeth Little, acquired title to Tract II, heretofore described by virtue of a warranty deed (Plaintiffs' Exhibit 1) on June 30, 1925, from Fred W. Schmidt et ux. and wife; that they acquired title to Tract I, wherein Tract II was joined, by virtue of a quit claim deed (Plaintiffs' Exhibit 2), executed on April 15, 1955, from the heirs of Fred W. Schmidt, who died intestate.

Our courts have repeatedly held that the plaintiff in a quiet title action must recover on the strength of his own title and not on the weakness of that of his adversary. *Blake et al.* v. *Minker et al.* (1894), 136 Ind. 418, 36 N. E. 246; *Jose* v. *Hunter* (1913), 60 Ind. App. 569, 103 N. E. 392, 852. Numerous other decisions could be cited to the same effect.

In the case of *State* v. *Tuesburg Land Co.* (1915), 61 Ind. App. 555, at page 574, the Court said:

"This being an action by the State to quiet its title to the lands in controversy, the burden is on it to prove that it had title when it began this action. This burden can be discharged by proof of its own title and not by proof that the defendants have no title."

Hence it follows that the first consideration should be directed as to whether the appellees had obtained title to Tract I, the land in dispute.

Appellees in their Answer Brief in the argument portion thereof at page 21 stated:

"Appellees and Appellants both trace their purported title to Tract I to a common grantor, one Fred W. Schmidt, who died in the spring of 1954. (Appellants' Brief p. 35). He was survived by a

widow, Mary Schmidt, and a daughter, Edna Christine Keiser. (Appellants' Brief, p. 35). These heirs of Fred W. Schmidt conveyed Tract I to Appellees by deed dated April 15, 1955, which is shown as Exhibit 2 on pages 11, 12, and 13 of this Brief.

> "There is a presumption in favor of intestacy in Indiana so proof of death and a showing of a deed from the decedent's heirs is sufficient to show transfer of decedent's title."

With the foregoing presumption, we would not take issue were it not that the record and the evidence do not substantiate any inference that the said Fred W. Schmidt died seized of said real estate known as "Tract I." We find no evidence to support the allegations of appellees that said "Tract I" was owned by Fred W. Schmidt at the time of his death.

As before stated, it appears that in 1941 certain real estate owned by Fred W. Schmidt and wife became delinquent for the non-payment of taxes and was sold at tax sale to appellants. Under the evidence said real estate so sold at tax sale was "presumed" to be Tract I, and the tax deed executed by the Auditor of Marion County to appellants on October 28, 1943, heretofore designated as "Plaintiffs' Exhibit 9", "presumed" to convey said "Tract I" to the appellants.

Appellees contended in their argument that the description contained in said tax deed to wit:

12.22 ft. x 999.5 com. 2295.62 ft. E of SW cor. SE ¼ bet. Road & RR Sec 6 15 5 .28 A,

did not convey title to Tract I to appellants because of a description inadequate to locate said real estate and besides describing the real estate as in the SE ¼, when in fact said tract is located in the SW ¼ of said section. Appellants contend it was an error of a scrivener to

have designated said real estate heretofore described to be in the SE ¼ rather than the SW¼ of said section. Be that as it may, we are impelled to the conclusion that the description of the real estate in the tax deed suffers such infirmity of description as to render ineffective a finding of title in appellants to Tract I. We think the Court very properly refused, under the circumstances, to adjudicate title in appellants to said "Tract I".

It is clear from the record, that neither appellants nor appellees have produced sufficient evidence to sustain a finding and judgment quieting title in either of them to the said real estate designated as "Tract I".

We are unimpressed that the quit claim deed executed by the heirs of Fred W. Schmidt, deceased, (Plaintiffs' Exhibit 2) in so far as it relates to Tract I, provided sufficient color of title upon which the appellees could successfully maintain a suit to quiet title thereto in the absence of any evidence of title to said real estate in Fred W. Schmidt at the time of his death. Thus the finding of the court decreeing title in and quieting title in appellees was not sustained by sufficient evidence and is contrary to law.

We are of the opinion that other matters raised in appellees' brief for the first time and which are not a part of the record on this appeal, present no question for our determination.

It appears to us, after a thorough and exhaustive review and study of the entire record and the briefs of the parties filed herein, that this cause, and the proceedings taken therein, have not resulted in such an investigation of the merits of the cause on the issues presented by the complaint and the cross-complaint as is due to justice for the several parties, and that it should be reversed and remanded for further proceed-

ings, with leave to both parties to amend their pleadings and introduce further evidence. See *The Cincinnati, Union and Ft. Wayne Railroad Co.* v. *Wynne and Others* (1860), 14 Ind. 384-385.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to sustain appellants' motion for a new trial, and for further proceedings.

Judgment reversed.

Kelley, Gonas, and Smith, JJ., concur.

NOTE.—Reported in 169 N. E. 2d 207.