LIESE *v.* STATE OF INDIANA.

[No. 29,100. Filed April 13, 1954.]
Rehearing Denied

*Sam Blum* and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Robert Schaeffer,* Deputy Attorney General, for appellee.

DRAPER, C. J.—The appellant was charged by affidavit in two counts with second degree burglary and grand larceny. He was tried by jury and found guilty of grand larceny. His motion for new trial was overruled and he appeals.

The evidence most favorable to the state discloses, among other things, that on October 10, 1951, the appellant, an Indianapolis policeman, was assigned with another officer to patrol duty in a squad car. About 1:40 on the morning of that day the appellant stopped the squad car in front of a merchandising store. He proceeded to the rear of the store, and after five or ten minutes, returned and told the other officer that the store had been broken into, and the store had in fact been broken into by someone. Both officers then entered the store and checked the premises. While there the appellant, over the protests of his fellow officer, rifled the cash register and removed a packaged garbage disposal unit from the store. This he placed in the squad car and later concealed it in some bushes some distance away, later taking it to his home. Several months later the appellant's home was searched and the disposal unit was found in his basement.

The evidence was clearly sufficient to establish each element of the crime of grand larceny· and the fact

that the appellant committed it, unless, as appellant insists, the offense committed could in no view of the evidence constitute larceny, but only embezzlement. We shall discuss that aspect of the case later.

The trial court overruled appellant's application for change of venue from the county. The granting of such a change in a case not punishable by death lies within the discretion of the trial court, and the ruling thereon is reversible only for an abuse of that discretion, *Rogers* v. *State* (1948), 226 Ind. 539, 82 N. E. 2d 89; *Butler* v. *State* (1951), 229 Ind. 241, 97 N. E. 2d 492. The record before us discloses no abuse of discretion in that regard.

The court denied appellant's motion for a continuance which was filed on May 7, 1953, the day the trial began. The affidavit for continuance asserts that a certain daily newspaper published in the city of Indianapolis had persisted in publishing stories on the eve of the day said cause had been set for trial, and that said stories were worded in such manner as to be very prejudicial to the defendant; that an earlier continuance had been granted because of a previous story in the same newspaper; that said newspaper has a large circulation and is widely read in Marion County, Indiana. A story published in the newspaper's issue of May 6, 1953, is attached to the affidavit as an exhibit. It appears under bold headlines. It states that Liese was on that day (May 6, 1953), "fired" by the Indianapolis Board of Safety, 482 days after he was accused of looting stores he was sworn to protect, and that Liese would go on trial in the Criminal Court the following day on charges of burglary and grand larceny, which same accusations were the foundation of the Safety Board's trial of Liese on a charge of conduct unbecoming an officer. The article further indicates that the matter of the proceeding before the

Board had become a political football—a political hot potato, but it does not suggest that Liese was responsible for that situation.

Here again the matter presented was one within the sound discretion of the trial court, whose ruling may not be disturbed in the absence of an abuse of that discretion. *Souerdike* v. *State* (1951), 230 Ind. 192, 102 N. E. 2d 367; *Rose* v. *State* (1941), 219 Ind. 44, 36 N. E. 2d 767. The trial court is in a much better position to determine the propriety of a continuance on this ground than is this court. There is no showing that the article actually did prejudice the appellant in any way, nor does it appear that any juror or prospective juror ever read or heard of it, or of any other article published by the newspaper which concerned Liese. The story is factual. It is neither inflammatory, accusatory nor condemnatory. It does not suggest appellant's guilt or express any doubt of his innocence. When an application such as this is made, a continuance should be granted if it appears reasonably probable that the accused may be prejudiced by the denial thereof. On the record before us it can by no means be said that the trial court abused its discretion in denying a continuance.

Before trial the appellant filed his motion to be discharged on the ground that the state had unreasonably delayed the trial. The appellant did not assert that he was entitled to discharge under the provisions of Burns' 1942 Repl., §9-1402 or §9-1403, nor could he successfully do so under the facts in this case. He relies upon Const. of Ind., Art. 1, §12 which guarantees the administration of justice "speedily, and without delay."

The sections of the statute above mentioned provide a practical implementation of the constitutional provision above referred to. They furnish a definite rule by

which to determine what is an unlawful delay in bringing a defendant to trial. They are binding alike upon the state, the defendant and the courts. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203. The motion was properly overruled.

It is asserted that there was error in the manner in which prospective jurors were called and seated. The record discloses no irregularities in that regard, and it will be assumed, in the absence of any showing to the contrary, that the trial court properly performed its procedural functions. *Mitchell* v. *State* (1953), 233 Ind. 16, 115 N. E. 2d 595.

Assuming, as we do, that the appellant did not break into the store, but found it broken and then entered, he entered lawfully only for the purpose of investigating the crime and protecting the premises. This was by virtue of his authority as a police officer. It was not by virtue of any employment by the owners of the store, nor by virtue of any relationship of trust and confidence between him and the owners. They had never employed him in any capacity, or entrusted him with the possession of any of their property. His authority was essentially custodial. It carried with it at the most an opportunity of access and a naked and limited possession, but the relationship out of which the crime of embezzlement could arise was wholly lacking.

As said in *Vinnedge* v. *State* (1906), 167 Ind. 415, 79 N. E. 353:

"Where there is at most but a naked possession or control—that is, a bare charge—or where the access consists of a mere physical propinquity as an incident of the employment, the felonious appropriation should be regarded as larceny. The reference in the embezzlement statute to officers, agents, attorneys, clerks, servants and employes is plainly indicative of the intent

to limit the denouncement of the statute to cases in which such persons have, as an element of their employment, a special trust concerning the money, article, or thing of value that involves an actual possession thereof or a special right of access to or control over the same. *This requirement would not be satisfied, as we may indicate by way of illustration, by the mere control, possession, or physical opportunity of access, which a watchman in charge of a store might have.* As before indicated, the relationship contemplated by the statute is one of special trust and confidence; a relationship in which there inheres, either for the particular transaction or for all purposes, a special right of access to, control, or possession of, the money, article, or thing of value which is appropriated." (emphasis supplied.)

See also *Colip* v. *State* (1899), 153 Ind. 584, 55 N. E. 739; *Warren* v. *State* (1945), 223 Ind. 552, 62 N. E. 2d 624. In our opinion the original taking was felonious and the crime was larceny.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 118 N. E. 2d 731.