HENDERSON *v.* STATE OF INDIANA.

[No. 29,269. Filed January 20, 1956.]

*H. Perry Smith,* of Indianapolis, *James L. Goodwin,* and *Kincaid & Goodwin,* of Lebanon, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

BOBBITT, C. J.—Appellant was charged by indictment with the crime of murder in the second degree, tried by jury and found guilty as charged, and sentenced to the Indiana State Prison for life.

The sole error assigned in the overruling of the motion for a new trial. Three grounds for new trial are assigned as follows:

1. That the verdict of the jury is not sustained by sufficient evidence.

2. That the verdict of the jury is contrary to law.

3. That the court erred in the admission of the testimony of Officer Cross as well as all other witnesses for the State of Indiana in violation of the constitutional rights wherein that Officer Cross as well as all other witnesses for the State of Indiana had no search warrant for the premises known as 2149 Carrolton Street, Indianapolis, Marion County, Indiana.

Appellant has wholly failed to discuss grounds one and two in the argument section of his brief as required by Rule 2-17 (e) and (f) of the Supreme Court, 1954 Revision, hence any question pertaining thereto it waived.

As the third and final cause for a new trial, appellant asserts that the trial court erred in admitting testimony by officer Cross and "all other witnesses for the State of Indiana" which resulted from the entrance, by officer Cross and his partner, into the apartment of appellant without having a search warrant therefor.[1]

---

1. "The next contention of defendant is that the invasion of her apartment by the police without a search warrant was a violation of State and Federal constitutional prohibitions against unreasonable searches and seizures and that the court erred in failing to suppress evidence so obtained. Decisive however, are those decisions of this, and of the Federal courts, which hold that the constitutional mandates denounce only unreasonable searches and seizures and that they do not preclude search and seizure incidental to a lawful arrest. *People* v. *Hord*, 329 Ill. 117, 160 N. E. 135; *People* v. *McGowan*, 415 Ill. 375, 114 N. E. 2d 407; *Harris* v. *United States*, 331 U. S. 145, 67 S. Ct. 1098,

The officer testified that he received a call from police headquarters, at about six o'clock P.M. on March 23, 1954 to investigate a telephone call stating that shots had been heard from appellant's apartment at 2149 Carrollton Avenue. When he and his partner arrived at the address given they knocked "on the door and nobody answering we entered the house and in the living room we found a woman laying on the floor." An examination of the body disclosed that she had been shot.

The motion for a new trial fails to set out the question or questions asked of the witness, or a statement containing the substance thereof, the objection made, or the answer of the witness thereto.

In order to present a question of error in the admission of evidence, the question asked must be set forth in full or in substance, together with the objection, the answer, if any, and the court's ruling thereon. *Ray* v. *State* (1954), 233 Ind. 495, 499, 120 N. E. 2d 176, 178; 2 Flanagan, Wiltrout & Hamilton, Ind. Tr. & App. Pract., §1812, p. 388.

---

91 L. Ed. 1399. In furtherance of this principle, it has been held that if a law officer has reason for believing that the person to be arrested is implicated in a criminal offense, that is, a belief which would be such as to so influence the conduct of a reasonable and prudent man under similar circumstances, he has a right to arrest without a warrant and to search the party arrested without a search warrant. *North* v. *People,* 139 Ill. 81, 28 N. E. 966; *People* v. *Humphreys,* 353 Ill. 340, 187 N. E. 446. Such right also extends to a search of premises within the control of the person arrested. *People* v. *McGowan,* 415 Ill. 375, 114 N. E. 2d 407; *United States* v. *Rabinowitz,* 339 U. S. 56, 70 S. Ct. 430, 94 L. Ed. 653."

*People* v. *Clark* (1955), 7 Ill. 2d 163, 130 N. E. 2d 195, 199. See also: *Robinson* v. *State* (1925), 197 Ind. 144, 149 N. E. 891; *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62; 3 Ind. Law Jr. 564; for right to search on reasonable and probable cause that a felony has been committed.

The motion for a new trial herein wholly fails to comply with this rule. Hence, no question is presented to us for review, and the judgment of the trial court will be affirmed.

Judgment affirmed.

Landis, Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 131 N. E. 2d 326.