BUTLER *v.* STATE OF INDIANA.

[No. 29,966. Filed November 19, 1963. Rehearing denied January 15, 1964.]

*Howard S. Grimm,* and *Edgar A. Grimm,* of Auburn, for appellant.

*Edwin K. Steers,* Attorney General and *Donald L. Adams,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was charged by affidavit with armed robbery and after a jury trial was found guilty and sentenced to the Indiana State Reformatory for ten years. He appeals from the judgment assigning as error the overruling of his motion for new trial.

Appellant first contends the court erred in overruling his objection to a question and in admitting the answer during the cross-examination of appellant, which was as follows:

"Q. I am going to hand you something you filed in here called a Notice of Alibi. Is that your signature?

"A. Yes, it is.

"Q. And that was prepared by your lawyer, wasn't it?

"A. Yes, It was.

"Q. And before this was prepared what is the fact as to whether or not your lawyer asked you or told you he wanted you to tell him everybody that you saw from the time you left your mother-in-law's house at Newville on the night of January 31, 1959, until maybe 9, 10 or 10:30 that night?

"MR. HOWARD S. GRIMM: Just a minute. Don't answer that until I get an objection here. The defendant wants to object to this question for the reason it is a privileged communication. He has no right to know what he said to his lawyer now on everything.

"THE COURT: Here's an alibi prepared by his lawyer, that this man signed, and the lawyer didn't pick it out of the clear sky. That's not a privileged communication.

"MR. HOWARD S. GRIMM: Show our objection.

"THE COURT: Don't tell me you made up this alibi without talking to your client. It's overruled.

"Q. Will you look at this, please? I ask you if it is any place in there stated that you saw any girls or ladies by the name of Hart in Chaney's Restaurant at Spencerville when you went there for the first time that night?

"A. Had I seen them?"

It is apparent that although the third question above set out was objected to by appellant, and the objection

was overruled by the court, before the witness ▪ answered a new and different question was asked and the question objected to never was in fact answered. There is therefore no question here presented, for if a litigant desires to preserve any objection to a question asked of a witness, he must show that the question was answered and what the witness' answer was. See: *Ray* v. *State* (1954), 233 Ind. 495, 499, 120 N. E. 2d 176, 178, 121 N. E. 2d 732.

Appellant has made similar contention in regard to following questions, objections, and answers during the further cross-examination of appellant, viz:

"(r) The court erred in overruling the objection of the defendant to the plaintiff following question propounded by the plaintiff during the cross examination of John Daniel Butler, defendant herein, and in admitting the answer thereto in evidence, which question, objection, answer, and the ruling of the court thereon are in the following words:

"Q. Do the names of the Hart girls appear in your Notice of Alibi; that you saw people or girls by the name of Hart in the Chaney Restaurant at Spencerville?

"MR. HOWARD S. GRIMM: Show the further objection for the reason that it is a written instrument and the instrument speaks for itself, and is the best evidence.

"THE COURT: It is overruled. He may answer.

"Q. Who were those girls you said you saw in the restaurant?

"A. That was the Hart sisters."

It again appears that the question objected to by appellant was never answered and therefore no question of error as to the overruling of the objection is presented.

Appellant in his brief has devoted some argument to the propriety of the remarks of the trial judge above set forth, although he did not object thereto at the time.

As we have many times observed, a party may not sit idly by during the trial of a law suit and make no objections to matters he might consider prejudicial and then be permitted after learning the outcome of the jury's verdict, to raise for the first time questions which, had appellant desired to rely on them, should have been presented at the trial.

Appellant has further contended the court erred in refusing to give appellant's tendered instruction 42 and the last portion of appellant's tendered instruction 41.

Instruction 42 was as follows:

"An alibi is a legitimate and proper defense herein for the defendant and evidence has been submitted to the jury relative thereto. If the jury find, from a consideration of the evidence, that the defendant was not at the alleged place and time where the alleged crime was committed, if any was committed, then the defendant should be acquitted. If the jury have, from a consideration of the evidence, a reasonable doubt as to whether the defendant was at the alleged place when and where the alleged crime was committed, if any was committed, then the defendant should be acquitted."

As this Court stated in *Thompson* v. *State* (1944), 223 Ind. 39, 44, 58 N. E. 2d 112, 113, in which an instruction as to alibi was refused:

"If by adding the word 'legitimate' the defendant meant thereby to place special emphasis on this particular defense, the request was improper, while if it did not qualify or emphasize the character of the defense, it was harmless to refuse it. The refusal to give these instructions did not constitute error."

In this case as in the Thompson case, another instruction on the matter of alibi evidence was given by the court and in our judgment it cured any error in refusing to give instruction 42.

Appellant's instruction 41 as given by the court deleted the portion appearing in parenthesis and was as follows:

"If the evidence introduced on the part of the defendant to prove an alibi when considered with all the other evidence and circumstances in this case is sufficient to raise in your minds a reasonable doubt of the defendant's guilt, he should be acquitted (though such evidence may fail to account for his whereabouts during all the time the offense was probably committed)."

Appellant, however, contends that the words "though such evidence may fail to account for his whereabouts during all the time the offense was probably committed" appearing at the end of instruction 41 as tendered by appellant, were improperly stricken from the tendered instruction and that the full instruction as tendered should have been given.

Appellant has offered no authority in support of his contention. It is not the duty of this Court on appeal tendered should have been given.

to search for legal authority to enable an appellant's counsel to obtain a reversal of a judgment against his client. We are not able to conclude that the court erred in the respect urged. See also: *West* v. *The State* (1874), 48 Ind. 483, 488.

Appellant next complains of error in the failure of the court to give appellant's tendered instruction 38 concerning circumstantial evidence and according to which instruction the jury were required to give such evidence "careful and patient consideration."

Appellant has again cited no authority to the effect that such instruction is a correct statement of the law.

In this case there was direct evidence to prove ■ the corpus delicti, and appellant's confession of the crime was also introduced in evidence. Appellant has failed to show reversible error in the court's refusal to give this tendered instruction.

Appellant further complains of error in the court's failure to give the following tendered instruction 40:

"the law presumes the defendant is a man of good character for peace and quiet; and unless the contrary has been shown, you are instructed to give him the benefit of this presumption."

In this case it appeared evidence was introduced upon the subject of the reputation and character of the appellant. This matter therefore became a question ■■ of fact to be resolved from the evidence, and the issue must be determined by the jury upon that testimony considered in connection with all the other evidence in the case.

*McQueen et al.* v. *The State* (1882), 82 Ind. 72. Here the tendered instruction made no reference to the evidence that had been introduced, or the jury's consideration of it and the instruction was therefore properly refused by the court.

Appellant has also claimed error in the court's sustaining of an objection to a question asking the prosecuting witness whether she carried theft or ■ burglary insurance. Appellant has cited no authority for his argument, nor does he indicate any search has been made for authorities supporting his contention. No reversible error has been here shown.

Appellant further contends the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Appellant has burdened this Court with a 74 page rambling account of the evidence in the argument

section of his brief in an effort to show the evidence does not sustain the verdict.

Briefly the evidence shows an armed robbery was committed on a Mrs. Mildred Metcalfe, a fifty-nine year old woman, in a dry goods store owned by her in Harlan, Allen County, Indiana, on January 31, 1959 at about 7:30 p.m. Although the prosecuting witness was unable to identify the person who robbed her, she testified the perpetrator of the offense carried a gun, wore a green cap, green pants and had a red handkerchief around his nose. He was estimated by her to be between twenty and twenty-two years of age. The robber took from her the sum of $150.00, and she testified she was placed in fear by the man who held her up. It further appeared there was no one else in the store except the intruder and the prosecuting witness at the time of the hold-up. Appellant signed a confession admitting that he took a sawed-off shotgun from his car into the dry goods store at the time in question; that he pointed it toward the prosecuting witness, and told her this was a stick-up and that he was after her money; that she handed over to him some bills out of the cash register and he put the money in his pocket; that he told her not to holler for help and pulled the telephone off the wall; that he went out the back door to his car and drove home to Spencerville where he met some buddies and they went out and got drunk; it further appeared from appellant's confession that at the time of the robbery he had a red handkerchief over his face and had on a U.S. Army green field fatigue cap, with a blue sweater and faded levis.

There can be no question in this case but that there was independent evidence to establish the corpus de-

licti of the crime, and this, coupled with appellant's confession, was sufficient to sustain the jury's verdict. See: *Messel* v. *State* (1911), 176 Ind. 214, 219, 95 N. E. 565, 566; *Parker* v. *State* (1950), 228 Ind. 1, 7, 88 N. E. 2d 556, 558, 89 N. E. 2d 442.

Appellant has also complained of error in that there was a variance between the place named in the prosecutor's reply to the alibi statement of defense and the place named by the witness, as the place wherein the robbery took place. It should be noted that the affidavit here in question did not designate the particular place where the robbery took place, nor was a more specific statement necessary. However, appellant did not object to the admission of the evidence as to the place where the robbery occurred and therefore has waived any question as to variance which he is here asserting. See: *Utley* v. *State* (1950), 228 Ind. 210, 214, 91 N. E. 2d 355, 356; *Craig* v. *State* (1957), 236 Ind. 434, 438, 140 N. E. 2d 881, 883.

Lastly, appellant has contended the court erred in overruling his motion to strike out an answer to a question asked of a witness on direct examination, in which it appeared the witness identified a part of a weapon she had previously seen. No objection was made to the question and no reason was given by appellant at the time as to why the motion to strike the answer should have been sustained, and it is therefore apparent no question is here presented for review. See: *Marcum* v. *State* (1959), 239 Ind. 179, 183, 154 N. E. 2d 376, 378.

Finding no reversible error, the judgment is affirmed.

Myers, C. J., and Achor and Arterburn, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 193 N. E. 2d 899.