MORROW *v.* STATE OF INDIANA.

[No. 30,273. Filed March 3, 1964. Rehearing denied April 23, 1964.]

*John M. Heeter,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged and convicted in the Criminal Court of Marion County of uttering a forged instrument.

The sole issue in the case which warrants our consideration is raised by appellant's motion to discharge on the ground that he was incarcerated in the Marion County jail for more than two terms of court without trial and without any cause for delay on his part, contrary to Acts 1927, ch. 132, §12, p. 411, being §9-1402, Burns' 1956 Repl.

The pertinent facts in the case are as follows: Appellant was arrested upon affidavit on March 2, 1960, while in the Marion County jail. Thereafter he filed two petitions for writs of habeas corpus, which were denied on April 1, and May 4, 1960. The cause was set first for trial on May 13, 1960, on which date appellant filed a motion for continuance. The motion was sustained and a new trial date was set for July 19, 1960.

Appellant again filed a motion for continuance on June 14, 1960, asking that the date of trial be reset from July 19 to some later date. The motion was sustained, which resulted in a continuance from the July 19 setting.

A third writ of habeas corpus was filed by appellant on July 13, 1960, which was subsequently denied on the state's motion to quash.

A new trial date was set on April 17, 1961. A trial was had, commencing on that date, which terminated with the jury failing to reach a verdict.

On January 23, 1962, appellant filed a motion for discharge for lack of prosecution, which motion was overruled on the same day.

The terms of the Marion County Criminal Court are six months' duration, commencing on the first Monday of January and July of each year. Acts 1881, ch. 34,

§7, p. 111, as amended, and as found in §4-2309, Burns' 1946 Repl.

The relevant portion of the above cited statute [§9-1402, *supra*], under which appellant asserts his right to discharge, is as follows:

" . . . And no defendant shall be detained in jail, without a trial, on an indictment or affidavit, for a continuous period embracing more than two [2] terms after his arrest and commitment thereon; or if he was in jail at the time the indictment was found or affidavit filed, more than two [2] terms after the term at which the indictment was found or the affidavit first filed; *except where a continuance was had on his motion, or the delay was caused by his act,* or where there was not sufficient time to try him during such terms: . . . " [Our emphasis.]

Appellant concedes that the January term, 1960, should not be counted because of his motion for continuance. He also concedes that the January term, 1961, in which the jury failed to reach a verdict, may not be counted, under a decision of this court in the case of *Kops* v. *State* (1942), 220 Ind. 373, 42 N. E. 2d 58. The two terms upon which appellant relies are the July term, 1960, and the July term, 1961.[1]

Thus, the decision in this case is made to rest upon a determination of the question as to whether a motion by the defendant, filed in one term of court asking for a postponement of the date of trial which had been set for a subsequent term, has the effect of tolling the two-term statute as to such subsequent term of court in which the delay occurs.

---

1. The State does not rely upon the fact that the July term, 1960, and the July term, 1961, were not "for a continuous period embracing more than two [2] terms . . ." as provided by §9-1402, Burns' 1956 Repl. Therefore, we do not consider the question which could arise by reason of this fact, in arriving at our decision in this case.

It is our opinion that under the foregoing statute [§9-1402, *supra*] the answer to the question must be in the affirmative. The statute clearly intends to cover the situation where a delay within the term is caused by the act of the defendant, with the result that such delay is chargeable to him. Therefore, the appellant must be charged with the delay which he caused in the July term, 1960, even though the motion which appellant filed asking for the delay was filed in the January term, 1960.

Therefore, there was only one term in which the state is chargeable with having failed to take action— the July term, 1961. In all the other terms, except the uncounted term in which the jury failed to reach a verdict, the inaction or delay was at the appellant's request.

Judgment is, therefore, affirmed.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., not participating.

NOTE.—Reported in 196 N. E. 2d 408.