BRADLEY *v.* STATE OF INDIANA.

[No. 30,449. Filed June 1, 1964.]

*Hilbert Lewis Bradley, pro se.*

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

ACHOR, C. J.—Appellant was charged, tried by jury and found guilty of the offense of driving while under the influence of intoxicating liquor, for which he was fined in the sum of $10 and costs, and it was recommended that his driver's license be suspended for a period of one year.

The only error asserted in the trial court, and here relied upon was the overruling of appellant's motion for change of venue from the county.

Appellant's motion was not supported by affidavits. However, upon the issue presented, the court conducted a hearing, at which numerous newspaper articles were admitted in evidence, upon stipulation of the State and the appellant. Three witnesses were interrogated, and two supporting affidavits were admitted in evidence without objection. The State presented no witnesses or counter-affidavits in opposition to the motion.

Under Acts of 1905, ch. 169, §207, p. 584, being §9-1305, Burns' 1956 Repl., the granting of a motion for change of venue from the county is discretionary with the court in criminal matters, except in capital cases. However, appellant asserts that, in this case, all of the evidence supported the fact that appellant could not have a fair trial in the county, because of bias and prejudice of the citizens of the county; that there was no occasion for any ex-

ercise of discretion on the part of the court and the granting of the motion for change of venue was mandatory.

We concur in the rule of law relied upon by appellant. However, we are of the opinion that the facts in evidence do not lead to the single conclusion that bias and prejudice against the appellant existed to such an extent that appellant could not have a fair trial in the county. Therefore, we cannot say, as a matter of law, that there was an abuse of discretion by the trial court.

We have examined the numerous newspaper articles, admitted as exhibits. Appellant has characterized them as articles having "screaming headlines" which embroiled the passion and prejudice of the people of the county against the appellant. However, on examination, we find that most of the articles deal in factual terms with the picketing of a LaPorte drug store by the Fair Share Organization, of which appellant was chairman and attorney. Only a few of the articles dealt with the offense in controversy, and they merely reported, without embellishment, the facts regarding the charge; appellant's arrest, and the proceedings regarding the change of judge and the change of venue from the county. Other news items reported two meetings held for the public solicitation of funds for appellant's defense. We find no "screaming headlines," and no language, which by or in effect incited the passion and prejudice of the public against the accused.

With regard to the three witnesses who testified in support of the change of venue, we find that their general statements on direct examination, regarding the bias and prejudice of the people of LaPorte County against appellant, is so qualified on cross-examination that their testimony was of little or no probative value.

In fact, this testimony might be considered as tending to support the opposite conclusion. The testimony of these witnesses on cross-examination, as stated in appellant's condensed recital of the evidence, was substantially as follows:

" . . . There has been quite a discussion going on in the Community among Negroes as to whether Bradley could have a fair and impartial trial in LaPorte County, on this charge of Driving While Under the Influence of liquor. . . ."

" . . . I have heard Caucasians say that the court or the officers could not be wrong about the defendant driving while under the influence of liquor, but *I haven't heard anyone say that the defendant, Bradley, could not get a fair trial on his charge of driving while he was drunk in Michigan City or LaPorte County*, Indiana, not in those words." [Our emphasis.]

Further, one of the three witnesses, also a Negro, was co-chairman of the LaPorte County Fair Share Organization and was named with the appellant in the newspaper items regarding the activities of that organization. He was separately charged and tried for disorderly conduct and reckless driving. The appellant acted as his attorney in each of said trials which were before a jury, and, in each case, the jury returned a verdict of not guilty. This witness conceded on cross-examination that neither his race, his activity with the Fair Share Organization, his association with the appellant, nor the publicity which these matters had received, prevented him from having a fair trial in La-Porte County. No facts were presented which would indicate that appellant could not receive an equally fair trial.

Thus, the evidence before the court relative to a change of venue was not clear and conclusive so as

to deny the court his statutory right to exercise his discretion in the granting or denying the change of venue. Rather, there was substantial evidence in support of the court's action.

Furthermore, even though there had been an unrefuted presumption from the evidence supporting the change of venue, the decision of the trial court in denying such change will not be considered as cause for reversal, unless it is made to appear from the voir dire examination of the jury that the appellant may have been denied a fair trial because of the bias and prejudice of the jury. *Smith* v. *State* (1960), 241 Ind. 1, 168 N. E. 2d 199; *Carraway* v. *State* (1956), 236 Ind. 45, 138 N. E. 2d 299; Acts 1881 (Spec. Sess.), ch. 38, §137, p. 240, being §2-1071, Burns' 1946 Repl.; West's Indiana Digest, Vol. 10, 1964 Cum. Supp., §1150.

In this case only 16 prospective jurors were interrogated in the selection of a panel of 12. Each party was entitled to three peremptory challenges and an unlimited number of challenges for cause. Peremptory challenges were exercised only twice by the appellant and once by the appellee. The appellant challenged only one juror for cause and he was excused by the court. Thus, the appellant accepted the jury with one peremptory challenge remaining available to him and with no challenges for cause having been denied him.

The facts in the present case are altogether different from those which were presented in the case of *Irvin* v. *Dowd* (1961), 366 U. S. 717, 6 L. Ed. 2d 751, 81 S. Ct. 1639, relied upon by appellant. Rather, the facts are more comparable to those present in the case of *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91. In the latter case, all, or nearly all, the issues and prop-

ositions of law present in the instant case were presented and considered and were decided adversely to the position here asserted by the appellant.

Judgment affirmed.

Arterburn and Myers, JJ., concur. Jackson, J., concurs in the result. Landis, J., dissents (without opinion).

NOTE.—Reported in 198 N. E. 2d 762.