STATE EX REL. HENDERSON *v.* BOONE CIRCUIT COURT, THOMPSON, JUDGE.

[No. 0-719. Filed February 16, 1965.]

*Alfreddie Henderson, pro se.*

ACHOR, J.—This is a proceeding filed *pro se* by the petitioner on September 3, 1964, in which he asks for a writ of mandate (1) directing the respondent to sustain his *pro se* "Motion for Appointment of Counsel and Praecipe for Transcript" or, (2) in the alternative, to sustain his "Verified Amended Petition for a Writ of Error Coram Nobis" and his "Supplemental Petition for a Writ of Error Coram Nobis," which were dismissed by the respondent for want of prosecution, on March 4, 1964.

After the dismissal petitioner, on April 15, 1964, filed a motion for appointment of counsel, which motion was overruled. This action followed.

In his petition now before this court petitioner, among other things, asserts that he has requested, but has been refused, the services of the public defender of the state of Indiana. Because it is the statutory duty of the public defender to represent pauper prisoners of our penal institutions in post-conviction remedies this court issued an order directing the public defender to show cause why, if it be a fact, he had declined to represent petitioner in an appeal from the adverse judgment of which he complains.

The public defender has filed a return to this court, first, stating the history of the petitioner's trial and conviction, and, secondly, stating that he declined to represent the prisoner because he could find no merit upon which to predicate an appeal.

Pertinent facts regarding the petitioner's trial and conviction are as follows: Petitioner was indicted for murder by a Marion County grand jury. He retained

counsel for his defense. The case was venued to the Boone Circuit Court where it was determined that the petitioner was a pauper and the latter court accordingly appointed pauper counsel, one of whom was the Indianapolis attorney originally retained by the petitioner. These attorneys represented defendant through his trial and an unsuccessful appeal. See: *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326; cert. den. 351 U. S. 958.

While court-appointed counsel were preparing their (timely) appeal, petitioner made his initial contact with the public defender by letter, dated October 18, 1954. Subsequently while the appeal was still pending, petitioner filed *pro se* a verified petition for writ of error coram nobis which never was acted upon, because of its premature filing.

After the adverse ruling on appeal, petitioner sought federal habeas corpus in the United States District Court, South Bend, Indiana, June 12, 1956. The present public defender, then deputy public defender, represented petitioner at these proceedings which were dismissed September 26, 1956 by Judge Lynn Parkinson, on motion of the Warden of the Indiana State Prison.

Subsequently the public defender, on May 7, 1957, after examining the transcript of petitioner's trial and appeal, arrived at the conclusion that no meritorious grounds could be found upon which to justify further proceedings. He so informed the petitioner and has declined any further services of his office. The then pending coram nobis petition was dismissed on motion of petitioner, on October 30, 1957.

Petitioner then filed a so-called "amended petition" for coram nobis, on which the present proceedings are predicated, July 5, 1958. The state's answer closed the issues January 29, 1959. Petitioner's request for personal appearance was denied May 6, 1959, and on that

date the case was ordered submitted on affidavits with hearing thereon fixed for June 20, 1959.[1] However, the petitioner filed no affidavits in support of his cause of action and no further proceedings were had until the filing of the supplemental petition for coram nobis which, as heretofore noted, was dismissed on March 4, 1964, for want of prosecution.

The record thus shows that petitioner has repeatedly sought relief in both state and federal tribunals but has failed in each instance because of his failure to properly present any meritorious cause for reversal.

However, in order to finally lay this cause at rest and thus prevent any further imposition on the time of the courts and the treasury of the people, we examine herewith the allegations contained in the petition, amended petition, and supplemental petition for coram nobis.

The first contention of the *supplemental* petition is that the court's failure to enter judgment on an *ex parte* hearing set for June 20, 1959, constituted a denial of petitioner's right to a speedy trial and equal protection under state and federal constitutions. However, as noted from the answer of the public defender, no hearing was held on June 20, 1959, because of the failure of petitioner to file affidavits and prosecute the case, as directed by respondent court. Delay in adjudication resulting from the acts of petitioner may not be asserted by petitioner as a denial of speedy justice. See: *Morrow* v. *State* (1964), 245 Ind. 242, 196 N. E. 2d 408, cert. den. 379 U. S. 864, 13 L. Ed. 2d 67.

The second allegation of the *supplemental* petition asserts a denial of the right to counsel and equal protec-

---

1. On May 13, 1959, this court dismissed as moot a petition seeking a mandate to the trial court to compel it to hold a hearing on petitioner's writ, since the hearing which had been ordered for May 6, 1959 had been reset for June 30, 1959. See: State ex rel. Henderson v. Boone Circuit Ct., etc. (1959), 239 Ind. 706, 158 N. E. 2d 457.

tion under the state and federal constitutions. The theory of this contention is based on the refusal of the public defender to act further for petitioner although as such official he frequently represents other prisoners in similar proceedings. The letter from the public defender to the petitioner dated May 7, 1957 set out by petitioner, as well as the answer of the public defender to the rule to show cause, demonstrate the fact that the public defender's refusal to act was not arbitrary but was based on the lack of any merit in the proceedings. The reasons stated by the public defender in response to the order to show cause for his refusal to act having been scrutinized by this court, we conclude that the allegations of the second contention of the supplemental petition are without merit. See: *Willoughby* v. *State* (1961), 242 Ind. 183, 167 N. E. 2d 881; reh. den. 177 N. E. 2d 465; cert. den. 374 U. S. 832, 83 S. Ct. 1876, 10 L. Ed. 2d 1055.

We next consider the matters asserted in the "Amended Petition for a Writ of Error Coram Nobis." Aside from the formal paragraphs of the petition, there appear to be two theories on which the pleading is based. The first alleges denial of adequate counsel on appeal and the second that the indictment on which petitioner was tried was void and that petitioner must therefore be discharged because of the failure of the grand jury foreman to endorse it and because of the failure of the prosecutor to approve it.

Concerning the adequacy of counsel on appeal, it may be noted that the same counsel were appointed to prosecute the appeal as represented petitioner in his original trial, and one of said counsel was originally retained by petitioner before the court ascertained petitioner to be a pauper. The petitioner's contention that appeal counsel were inadequate is based upon the fact that counsel failed to argue in their

brief on appeal the grounds that (1) the evidence was insufficient to sustain the verdict and (2) that the verdict was contrary to law, and (3) although they raised an issue as to the admissibility of certain evidence they failed to properly present that issue. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326; cert. den. 351 U. S. 958, *supra*. The failure to discuss grounds 1 and 2, which had been preserved as specifications in the motion for new trial, does not evidence inadequacy of counsel, as in this case there was substantial and convincing evidence as to defendant's guilt[2] and no basis for contending that the verdict was contrary to law can be found in the record. Likewise, it seems apparent that counsel did not more fully present the question as to the admissibility of evidence, because there was no merit to this asserted grounds for appeal. See: *Henderson* v. *State, supra*, n. 1.

The second claim for relief is that the indictment on which he was tried was void because of the failure of

---

2. Decedent was the wife of petitioner. The state's evidence placed petitioner in his home at the time of the slaying and consisted of several admissions by petitioner. In addition, the state presented petitioner's signed statement in which he admitted the slaying. The confession was ruled voluntary over petitioner's attempt to supress it and was corroborated by external facts, such as the recovery of the murder weapon from petitioner's step-father in Missouri where petitioner had stated the gun was located.

Petitioner presented no evidence at the trial but argued that the homicide was committed in self defense. In support of this contention petitioner relies primarily upon his signed confession in which he relates a quarrel with his wife five days prior to the slaying during which he states she attacked him with an ice pick and a brick. On the morning of the shooting, petitioner stated that they had another quarrel over decedent moving out of the house; that he saw his wife place some scissors in her pocket and advance on him with an umbrella, threatening to kill him. Petitioner claims to have drawn a gun secreted in the chair in which he was sitting several days earlier, and shot seven or eight times after warning his wife he would shoot if she didn't halt.

Facts in evidence which negate appellant's contention of self defense are: (1) The fact that he shot his wife seven or eight times; (2) that spent shells from the murder weapon were scattered throughout the house, and (3) no scissors were found on or near the body of decedent.

the prosecutor to approve it and the failure of the grand jury foreman to endorse it. Petitioner in his verified petition states that a timely motion to quash the indictment was filed and overruled. However, the transcript of *Henderson* v. *State, supra,* of which we take judicial notice since it is a part of the records of this court [see: Burns' Ind. Stat. Anno. §9-3303 (1956 Repl.)], indicates that no motion to quash said indictment was ever filed.

From the same record, it is apparent that legally sufficient approval of the indictment by the prosecutor was contained thereon. See: 1 Ewbank's Indiana Criminal Law (Symmes Ed. 1956), Ch. 10 §147. The endorsement of the foreman of the grand jury does not appear in that record as filed but this defect did not deprive the court of jurisdiction of cause of action. Although such omission would subject the indictment to a motion to quash, failure to file such a motion constitutes a waiver of the error, which this court has held does not prejudice the substantial rights of the defendant. Consequently, the omission may not for the first time be raised on appeal or a proceeding subsequent to a verdict. *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 2d 852 (reversed on other grounds); *Bledsoe* v. *State* (1945), 223 Ind. 675, 64 N. E. 2d 160; accord: *Craig* v. *State* (1957), 236 Ind. 434, 140 N. E. 2d 881; *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721 (reversed on other grounds); *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

There being no merit in petitioner's pleading, an appeal would be empty and futile. Consequently, this court will not mandate the appointment of counsel for the purpose of an appeal and the expenditure of public funds for the further indulgence of such futility. *State ex rel. Codding* v. *Eby, Judge* (1945), 223 Ind. 302, 60 N. E. 2d 527.

Petition is, therefore, denied.

Arterburn, C. J., Landis & Myers, JJ., concur.

Jackson, J., concurs in the result.

NOTE.—Reported in 204 N. E. 2d 346.