JAY ET AL. *v.* STATE OF INDIANA.

[No. 30,593. Filed April 19, 1965. Rehearing
denied June 1, 1965.]

*John D. Clouse,* of Evansville, for appellants.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellants were charged by affidavit with first degree burglary and after a jury trial were convicted of entering to commit a felony for which they were sentenced one to ten years in the Indiana Reformatory.

Appellant Gipson has heretofore filed motion to dismiss the appeal as to him, and this Court has sustained said motion and the appeal is therefore dismissed as to appellant Gipson.

Appellant Jay first contends the verdict is contrary to law for the reason that there was insufficient evidence to prove the George Koch Realty Corporation owned the dwelling house burglarized. The affidavit in this respect charged that appellant

"... did ... burglariously break and enter into the dwelling house of GEORGE KOCH REALTY CORPORATION, in which NOAH HARP then lived, with intent to commit a felony, to-wit: to unlawfully take, steal and carry away the goods, chattels and personal property of the said NOAH HARP."

The evidence introduced at the trial fully supports the allegation in the affidavit that Noah Harp was in possession of the dwelling house burglarized. The evidence was therefore sufficient to sustain the verdict as against appellant's contention, for it is well settled that burglary is a crime against the possessory interest or rightful possession of the premises. See: *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347, 349, and the discussion and authorities therein contained.

It is therefore immaterial that the evidence may not have sufficiently shown that the George Koch Realty Corporation was the owner of the house burglarized, and such allegation on the affidavit may be treated as surplusage.

Appellant further contends the court erred in overruling appellant's objection to a question propounded by appellee as to who was the owner of the property on 2001 West Ohio. However, it does not appear that this question was answered and therefore no question is before us as to the correctness of the court's ruling. See: *Polson* v. *State* (1965), 246 Ind. 665, 207 N. E. 2d 638, *Henderson* v. *State* (1956), 235 Ind. 132, 134, 131 N. E. 2d 326, 327.

Appellant also contends it was error for the trial court to permit Alma Jean Farley, an alleged accomplice of appellant, to testify. Appellant cites Burns' §9-1603 (1956 Repl.),[1] as follows:

"Who are competent witnesses.—The following persons are competent witnesses:

. . . . .

"Third. Accomplices, when they consent to testify."
Appellant complains that he was not permitted to

---

1. Acts 1905, ch. 169, §235, p. 584.

make an offer of proof that the witness was an accomplice and would not consent to testify. The record fails to bear out appellant's contention for it fails to disclose any effort was made whatever by appellant to show that this witness had not consented to testify and therefore no question is presented.

The fact that the witness took the stand creates the presumption that she did so voluntarily. The fact that she answered all questions propounded to her forthrightly and without hostility is strongly indicative that she was a voluntary witness. Moreover, on appellant's cross-examination of the witness it is interesting to note that at no time did appellant ask the witness whether she voluntarily consented to testify for the State. This contention is without merit.

Appellant has further contended the court erred in failing to grant his motion for continuance on the ground appellant was surprised when George Elsea was called as a witness for the State.

The matter of whether a continuance will be granted rests within the sound discretion of the trial court and the court's ruling will not be disturbed in the absence of a clear showing of an abuse of discretion. *Liese* v. *State* (1954), 233 Ind. 250, 254, 118 N. E. 2d 731, 733; *In re Holovachka* (1964), 245 Ind. 483, 509, 198 N. E. 2d 381, 394. There was no showing here by appellant that he was harmed by the trial court's ruling and we must conclude the denial of the motion for continuance was not reversible error.

Appellant next urges that it was error for the court to reject appellant's tendered instruction No. 2, viz:

"Members of the Jury, I instruct you that it is incumbent upon the State of Indiana to produce evidence that would naturally have been produced in an honest effort to support the charge in the

affidavit and its non-production permits the inference that if such evidence had been given its tenor would be unfavorable to the State."

We recently in *Denton* v. *State* (1965), 246 Ind. 155, 158, 203 N. E. 2nd 539, 541, held a similar instruction to be properly refused. See also: *Stevens* v. *State* (1959), 240 Ind. 19, 27, 158 N. E. 2d 784, 788. We must conclude refusing to give this instruction was not error.

Appellant further contends the court erred in refusing to give appellant's tendered instruction No. 5 as follows:

"The circumstances of suspicion, no matter how grave or strong, are not evidence of guilt, and the accused must be acquitted unless the fact of their guilt is proved beyond every reasonable doubt to the exclusion of every reasonable hypothesis consistent with their innocence."

This instruction dealt with the rule pertaining to circumstantial evidence and as there was much direct evidence of appellant's guilt [two eyewitnesses to the burglary] the foregoing instruction was properly refused. *Culp* v. *State* (1944), 222 Ind. 202, 208, 52 N. E. 2d 486, 488. *Butler* v. *State* (1964), 244 Ind. 620, 627, 193 N. E. 2d 899, 902.

Appellant lastly contends appellant's tendered instructions 13 and 14 relating to first degree burglary should have been given. As appellant was not convicted of first degree burglary but of entering with intent to commit a felony, no prejudicial error could have been committed by failure to give these instructions.

Judgment affirmed.

Arterburn, C. J., and Myers, J., concur; Jackson, J., concurs in result; Achor, J., not participating.

## ON REHEARING

LANDIS, J.—Appellant has filed petition for rehearing contending we erred in our previous opinion in holding appellant's tendered instruction No. 14[1] related to first degree burglary and that since appellant was not convicted of such crime, no prejudicial error was committed by failure to give the instruction.

Our earlier opinion considered appellant's tendered instructions Nos. 13 and 14 together as appellant had treated them in his brief. Instruction 13 specifically confined its application to first degree burglary, and as appellant stated both specifications of the motion for new trial dealing with the instructions were substantially the same and grouped and argued them together, we concluded they should be considered together and if so, instruction No. 14 as well as 13 would pertain solely to first degree burglary.

However, even if appellant's instruction No. 14 is considered separate and apart from No. 13, we do not believe it is sufficiently complete and intelligible by itself so that the court's failure to give it was reversible error. Among other things we are unable to digest the instruction's language ". . . to intend the intent . . .". We are not unmindful that the court in *Eastin* v. *State* (1954), 233 Ind. 101, 105, 117 N. E. 2d 124, 126, had before it a similar instruction and stated that while it did not recommend the form of the instruction, concluded it was error to exclude two instructions on intoxication.

We do not believe that is comparable to the situation before us here where instruction No. 14 standing by itself simply was not sufficiently clear and under-

---

1. "The defendants are not to be held responsible for the specific intent if they were too drunk for a conscious exercise of the will to the particular end, or, in other words, too drunk to intend the intent and did not entertain it in fact."

standable for us to conclude that the court's failure to give it was reversible error.

The other matters contended on petition for rehearing are similarly without merit.

Petition for rehearing denied.

Jackson, C. J., and Achor, Myers and Arterburn, JJ., concur.

NOTE.—Reported in 206 N. E. 2d 128. Rehearing Denied in 207 N. E. 2d 501.