STEVEN L. GATCHETT *v.* STATE OF INDIANA.

[No. 572S55. Filed August 31, 1973.]

*Robert St. Clair, Richard D. Bray,* of Martinsville, for appellants.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.*—This is a direct appeal from a conviction of second-degree murder. Defendant-appellant raises several contentions of error in the trial below:

(1) Whether the trial court erred in overruling appellant's motion for a change of venue from Morgan County.

---

* This case was transferred and re-assigned to this office June 27, 1973.

Appellant was indicted by the Marion County Grand Jury for first degree murder in the shooting death of Clarence Powell. On his own motion, the cause was transferred to the Morgan Circuit Court. On the day of trial, appellant filed a second motion for change of venue which was overruled. He based his motion upon the general allegation that persons of his race were systematically excluded from jury duty in Morgan County. However, this general allegation is completely unsupported by any specific facts tending to show that the appellant would be denied a fair trial in Morgan County because of bias and prejudice. Under these facts, there was no error in denying this *belated* motion for change of venue. *Bradley* v. *State* (1964), 245 Ind. 331, 198 N. E. 2d 762. It is not an abuse of trial court discretion to deny a change of venue when no adequate showing of bias and prejudice has been made. *Burton* v. *State* (1973), 260 Ind. 94, 292 N. E. 2d 790.

(2) Whether the trial court erred in overruling defendant-appellant's objection to the petit jury venire.

Appellant combined with his motion for change of venue, an objection to the petit jury venire on the grounds that the jury "does not include members of minority groups, more particularly Negroes, although there are minority groups who are residents of Morgan County, including Negroes." At the hearing on appellant's objection, the appellant called as his witness a past clerk of the Morgan Circuit Court who testified that in sixteen (16) years of experience he did not know of a Negro being summoned for jury duty. However, he testified that the jurors' names were drawn at random and if a black juror's name had been drawn for jury duty, he would not have been excluded. The names of prospective jurors were obtained from voter registration lists. This evidence fails to show any systematic exclusion of black persons from jury duty. The mere fact of inequality in selection of jurors does not, in itself,

establish purposeful discrimination. *Lake* v. *State* (1971), 257 Ind. 264, 274 N. E. 2d 249. We find no error upon this issue.

(3) Whether the verdict was sustained by sufficient evidence.

When the issue of sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to the State and all reasonable inferences therefrom which will support a finding of guilty. The facts most favorable to the State show that on the night of the killing the appellant stopped the victim, Clarence Powell, and asked for a light for his cigarette. The two walked into an alley and shortly thereafter two shots were heard. The appellant ran from the alley carrying a .22 caliber pistol in his hand. Powell was found dead with two bullet wounds in his back. The appellant testified that he shot in self-defense when the victim assaulted him with a knife. One witness testified that he heard some type of altercation before the shots were fired. Appellant contends that in light of this evidence, the State did not prove that he did not act in self-defense. However, the facts that Powell was found with his pockets turned inside out, that he was shot in the back, and that no one else entered the alley before the police arrived were sufficient to satisfy the jury that the appellant did not act in self-defense.

(4) Whether the trial court erred in refusing to give to the jury certain instructions tendered by the appellant.

The appellant contends that the trial court committed reversible error by refusing to instruct the jury on the crimes of assault with intent to kill, assault, and assault and battery. He maintains that these crimes are lesser included offenses of the crime of murder in the first degree. This contention is without merit. We remind the appellant that the victim in the instant case is *dead*. Therefore, no evidence was before the jury which would justify instruction on the aforementioned offenses. Second-degree

murder and manslaughter are the lesser included offenses in an indictment charging first degree murder. *Barker* v. *State* (1957), 238 Ind. 271, 150 N. E. 2d 680. The jury was so instructed.

The trial court refused to instruct the jury as to the effect of the State's failure to produce known witnesses. Appellant alleges error here. However, appellant does not allege that these witnesses were not also available to him. The record shows that he had access to all of them and could have called them as his own witnesses. There was no error upon this issue. *Armstrong* v. *State* (1967), 248 Ind. 396, 229 N. E. 2d 631.

Instruction No. 17 requested by appellant was pertaining to the adverse inference arising from the failure of the State to produce certain evidence at trial. The appellant mentions beer cans found in the alley, bullets taken from Powell's body, car keys found in the alley, and the gun used in the shooting. However, the record shows that the gun used in the shooting was never accessible to the State since the defendant testified that he returned it to its owner after the shooting. The car keys were of no evidentiary value, since there was no evidence at trial as to whom they belonged. The bullets may have had some cumulative value if they could have been traced to the gun which was never found. There was no error on the part of the trial court in refusing to give such an instruction. *Jay* v. *State* (1965), 246 Ind. 534, 206 N. E. 2d 128.

The remainder of the instructions tendered by appellant were covered fully by the instructions actually given to the jury.

(5) Whether the trial court erred in admitting into evidence certain photographs.

Appellant alleges that a photograph taken at the scene of the crime did not properly depict the surroundings. However, the first police officer who arrived on the scene testified that the photographs accurately portrayed the surroundings as

he found them. Other witnesses testified without objection to the scene which was depicted by the photographs. We find no error upon this issue.

(6) Whether the trial court erred in sustaining the State's objection to certain testimony of a police witness.

Sergeant Kramer, one of the investigating officers was questioned on cross-examination as follows:

Q. "You would say this area doesn't have a reputation especially for colored prostitutes walking around, there within a few blocks of there?"

A. "Well we go over to 22nd and Meridian, yet. But Park Avenue I think . . . ."

Q. "How about 22nd and Central and 22nd and Park?"

At this point the State objected to the line of questioning. The trial court sustained the objection. The appellant contends that these questions were relevant, because he had previously testified that the victim had asked him during the conversation in the alley to get the deceased a date with a prostitute. The next question propounded to Sergeant Kramer was as follows:

Q. "Are you familiar with the scale of which .18% blood alcohol, you are familiar with the scale, are you not?"

A. "Yes, sir."

A previous witness, Dr. Benz, had testified that the victim had .18% blood alcohol in his system at the time of the autopsy. However, all of the above questions were outside the scope of direct examination and objection to them was properly sustained. The scope of cross examination is limited to the scope of direct examination. *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699.

We find no error in the proceedings below. Therefore, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., concurs with opinion.

CONCURRING OPINION

DEBRULER, J.—While I fully concur in the Court's resolution of the remainder of the issues raised in this appeal, I find that on the issue of appellant's objection to the petit jury venire I must concur only in the result. I cannot agree with the majority's implication that before a venire could be deemed unconstitutionally drawn a defendant would have to "establish purposeful discrimination." Both our Federal and State Constitutions require that jury panels reflect a cross-section of the community from which they are drawn. *Whitus* v. *Ga.* (1967), 385 U.S. 545, 87 S. Ct. 643, 17 L. Ed. 2d 599; *Smith* v. *Texas* (1940), 311 U.S. 128, 61 S. Ct. 164, 85 L. Ed. 84; *Dixon* v. *State* (1946), 224 Ind. 327, 67 N. E. 2d 138; *Taylor* v. *State* (1973), 260 Ind. 264, 295 N. E. 2d 600 (DeBruler, J., dissenting). A jury panel which fails to reflect a cross-section, regardless of whether the failure is a result of unintentional or purposeful exclusion, does not meet these constitutional standards. *Jones* v. *Ga.* (1967), 389 U.S. 24, 88 S. Ct. 4, 19 L. Ed. 2d 25; *Avery* v. *Ga.* (1953), 345 U.S. 559, 73 S. Ct. 891, 97 L. Ed. 1244.

Appellant in this case, however, has failed in his burden to make a prima facie showing of exclusion. The evidence introduced by appellant at the hearing below showed only that a county clerk knew of four Black people in the county and that "some" persons of Korean and Japanese extraction also lived there. There was no evidence as to the total population of the county or what percentage of that population were non-Caucasian. Such a showing would be necessary before a prima facie case of exclusion would be made and I therefore concur in the result of this issue. *Alexander* v. *La.* (1972), 92 S. Ct. 1221; *Turner* v. *Fouche* (1970), 396 U.S. 346, 90 S. Ct. 532, 24 L. Ed. 2d 567.

NOTE.—Reported in 300 N. E. 2d 665.