## COMMONWEALTH *vs.* JOHN F. BONNER.

In an indictment for attempt to commit larceny from the person of an individual, an allegation that the defendant, " with intent to steal the personal property " of said individual, "being in her pocket, and on her person," did " thrust, insert, put and place his hand upon the dress near and into the pocket" of the said individual, is not equivocal, nor insufficient in precision.

A defendant in a criminal proceeding who testifies as a witness at the trial, may be asked on cross-examination, for the purpose of affecting his credibility as a witness, " if he has been in the house of correction for any crime," provided objection is waived that the record is the best evidence thereof.

INDICTMENT for attempt to commit larceny from the person of a certain woman, alleging that the defendant, with intent to steal the personal property of said woman, " being in her pocket, and on her person," did " thrust, insert, put and place his hand

upon the dress near and into the pocket of the said woman without her knowledge, and against her will," &c.

In the superior court, before the jury were impanelled, the defendant moved to quash the indictment as being equivocal, and insufficient in its description of the alleged overt act; which motion *Morton*, J., overruled.

The case proceeding to trial, the defendant testified as a witness, and in cross-examination was asked by the attorney for the government " if he had been in the house of correction for any crime." The defendant's counsel waived any objection to the question on the ground that the record was the proper evidence of a conviction of the defendant for crime ; but objected to it on the ground that the defendant had not put his character at issue otherwise than by availing himself of his privilege of being a witness, which, it was admitted, was the fact. But the judge ruled that the government might show that the defendant had been convicted of a crime, to affect his credibility as a witness, but for no other purpose. And the defendant then testified that he had been imprisoned on sentences for larceny, breaking and entering, and attempt to rescue a prisoner.

The jury returned a verdict of guilty ; and the defendant alleged exceptions, and also appealed from a decision of the judge overruling a motion filed in arrest of judgment for substantially the same reasons alleged in the motion to quash the indictment.

*C. H. Hudson*, for the defendant, to the point of the admission of the testimony of the defendant concerning his previous convictions of crime, argued that it is a subtlety beyond the capacity of jurors, to discriminate between regarding evidence of a defendant's previous conviction of crime as affecting only his credibility as a witness, and regarding it as affecting his character generally, and that therefore such testimony should be excluded altogether ; and further, that the question in this instance was incompetent also as being not confined to crimes which directly tend to impeach the veracity of witnesses.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, J. The description of the offence in the indictment

is sufficiently precise and unequivocal. And the form is sustained in *Commonwealth* v. *McDonald*, 5 Cush. 365.

The statute allowed the defendant, at his election, to become a witness. St. 1866, *c.* 260. By availing himself of the privilege he assumed the character of a witness, and subjected himself to the liabilities incident to that position. The statute does not exempt him from cross-examination, and impeachment as a witness; and there is no reason why he should be exempt from it. *Commonwealth* v. *Mullen, ante*, 545. Gen. Sts. *c.* 131, § 13. *Commonwealth* v. *Lannan*, 13 Allen, 563.

*Exceptions overruled.*