AARON KURN, administrator, *vs.* ROBERT D. MORAN, public administrator.

Hampden.    April 28, 1965. — June 4, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Executor and Administrator,* Status in proceedings involving estate, Claim against estate. *Probate Court,* Appeal, Parties.

A petition in a Probate Court by the heirs of an intestate decedent to intervene to defend a proceeding brought against a public administrator of the decedent's estate to enforce a claim against the estate was properly denied; it was the duty of the public administrator to defend such proceeding, and he would be a "person aggrieved" entitled to appeal from a decision therein in favor of the claimant.

PETITION filed in the Probate Court for the county of Hampden on January 16, 1964.

A petition to intervene was denied by *Stapleton,* J., who reported the matter.

The case was submitted on briefs.

*Nathaniel M. Harvey* for the petitioners to intervene.

*Douglas R. Winniman* for the respondent.

WILKINS, C.J.   Isaac Kurnitsky, late of Springfield, died on January 14, 1953, and the petitioner is administrator of his estate appointed in the Probate Court, Hampden County. The respondent is the public administrator, ap-

pointed in the said court, of the estate of his wife, Guenia Kurnitsky, late of Springfield, who died on February 19, 1963. The petitioner as administrator has filed a petition in equity in her estate claiming that certain bank deposits were Isaac's property. This is denied in an answer filed by the respondent public administrator. Three citizens of the Union of Socialist Soviet Republics, claiming to be the only next of kin of Guenia, have filed a petition to intervene in her estate for the purpose of opposing the equity petition. The respondent is willing to employ counsel for the foreign intervening petitioners. The latter's counsel contends that this is not sufficient because the respondent has no right to appeal an adverse decision. The probate judge denied the petition to intervene, stating that he was of opinion that it is the duty of an administrator to defend all suits against an estate and that cases holding that an administrator "is not a person aggrieved" do not apply to such suits. Being also of the opinion that the ruling so affects the merits of the controversy that it should be determined before further proceedings, the judge stayed all further proceedings except such as are necessary to preserve the rights of the parties and reported the matter for the consideration of this court. G. L. (Ter. Ed.) c. 215, § 13.

The judge's ruling was right. *Doane* v. *Bigelow,* 293 Mass. 406, 409. *Budin* v. *Levy,* 343 Mass. 644, 649.

*Decree affirmed.*