POLSON *v.* STATE OF INDIANA.

[No. 30,548. Filed June 10, 1965. Rehearing denied September 29, 1965.]

Jack W. Broadfield, of Indianapolis, for appellant.

Edwin K. Steers, Attorney General, and Carl E. Van Dorn, Assistant Attorney General, for appellee.

LANDIS, J.—Appellant appeals from the judgment rendered on the verdict of the jury convicting him of sodomy for which he was fined in the sum of $100.00 and imprisoned two to fourteen years in the Indiana State Prison. Error is assigned on the overruling of motion for new trial.

Appellant first complains on this appeal that the court erred in overruling his objection to a leading question asked on direct examination by the State. However, there is no showing by appellant in the motion for new trial that this question was ever answered by the witness. In order for prejudicial error to be committed in the overruling of an objection to a leading question, it would be necessary that such question be answered by the witness. In view of the failure of appellant to show in the motion for new trial that such question was answered by the witness there is no question

here presented. See: *Henderson* v. *State* (1956), 235 Ind. 132, 134, 131 N. E. 2d 326, 327, (cert. den.) 351 U. S. 958, 100 L. ed. 1480, 76 S. Ct. 855; *Ray* v. *State* (1954), 233 Ind. 495, 499, 120 N. E. 2d 176, 178, 121 N. E. 2d 732; F. W. & H., Indiana Trial and Appellate Pract., §1812, p. 388.

Appellant further contends error was committed by the trial court in admonishing appellant's counsel during the cross-examination of Jerry Heaton, Viz: ". . . you are to cease from that line of questioning."

While there is considerable doubt that appellant has properly brought before us a ruling of the trial court so that we may review it on appeal, if we overlook such procedural defects or omissions, it appears that appellant is complaining of the sustaining by the trial court of objections to three questions asked by appellant's counsel on cross-examination. They were:

"Q. . . . have you done it [unnatural acts] with other men?

. . . . .

"Q. Are you a little behind in school?

. . . . .

"Q. Did your Daddy tell you that was alright to have sex relations with other little girls?"

We are unable to conclude the court committed error. The first question inquiring of the witness as to unnatural acts with other men could properly have been held by the trial court to be objectionable in our judgment, as the general rule is a witness cannot be impeached by attempting to show specific acts of immorality. *Griffith.* v. *The State* (1895), 140 Ind. 163, 166, 39 N. E. 440, 441; *Bessette* v. *The State* (1885), 101 Ind. 85, 88. It would have been proper of course, as affecting the witness's credibility to show on cross-examination that his general moral character was not good. The extent of

cross-examination is a matter within the trial court's sound discretion, and we do not believe under the facts of this case appellant brought himself within any exception to the rule as would warrant us in concluding such discretion was abused.

As to the second question as to whether the witness was behind in school, appellant has made no argument as to its relevancy. In view of the trial court's wide area of discretion as to the extent of cross-examination, we do not see that it was here so abused as to warrant reversal of the judgment.

The third question asking what the father had told the witness obviously called for a hearsay answer, and therefore the court committed no error in sustaining the objection to it.

We find no reversible error.

Judgment affirmed.

Myers, J., concurs; Arterburn, J., concurs in result; Achor, J., concurs with opinion; Jackson, C. J., dissents without opinion.

### CONCURRING OPINION

ACHOR, J.—It occurs to me that the authorities cited and relied upon by both the appellant and the State require further clarification.

As noted in the opinion, we are here concerned with a morals charge of sodomy. The prosecuting witness, a boy of 15 years of age, was questioned on cross-examination as to the fact of unnatural acts with other men. As I interpret it, the court's opinion, without indicating that there are exceptions thereto, relies upon the general rule that "a witness cannot be impeached by attempting to show specific acts of immorality", that such interrogation must be limited to "proof of general reputation." The cases of *Grif-*

*fith* v. *The State* (1895), 140 Ind. 163, 39 N. E. 440, and *Bessette* v. *The State* (1885), 101 Ind. 85, are cited as supporting the proposition.

However, I think that the opinion should recognize the fact that there are exceptions to this general rule, one of which is recognized in the *Bessette* case, *supra,* relied upon in the court's opinion. The Bessette case, as does this case, involves a sexual offense. In this case the charge was sodomy. In the Bessette case, the offense was statutory rape. In the Bessette case, it developed that at the examination regarding the offense, before a justice of the peace, the prosecuting witness testified that the act took place at a locus and under circumstances which proved to be false. Then later, at the trial, she testified that the act took place under wholly different circumstances. During cross-examination of the prosecuting witness, the defense propounded numerous questions not limited to "proof of general reputation" but regarding the conduct of the prosecuting witness, which questions were designed to prove that she was of "debased and depraved condition of mind" and that the prosecution may have been instigated for the purpose of extortion. The trial court rejected all such testimony.

However, on appeal, this court held that under the circumstances, the rejection of such testimony constituted an abuse of discretion. This court, in reversing the trial court in the Bessette case, stated:

"The extent to which a cross-examination may be carried, in the direction indicated by the questions, is ordinarily a matter resting in the sound discretion of the *nisi prius* court.

The rule that specific acts of immorality or misconduct of a witness can not be proved for the purpose of discrediting him, is well settled and is not to be infringed upon, but that rule is not involved in the question under consideration. The question here is as to the extent to which a

cross-examination of a witness may go, when the object of it is to impair his credibility by questions tending to show the motives or interest under which his testimony is given, or that he is depraved in character, or that his habits and antecedents are immoral and infamous. . . .

It is proper within the bounds of propriety, to be controlled by the trial court, that the character and antecedents of a witness may be subjected to a test on cross-examination, and that questions which go to exhibit his motives and interest as a witness, as well as those tending to show his *character and antecedents, should be allowed.* Wharton Ev., sections 544, 545; *Johnson* v. *Wiley,* 74 Ind. 233; *Wilbur* v. *Flood,* 16 Mich. 40; *Commonwealth* v. *Bonner,* 97 Mass. 587." [My emphasis.] *Bessette* v. *State, supra,* p. 88.

Thus, although the opinion of the court does not so indicate, it appears that the above cited case is authority for the existence of an exception to the general rule, which is to the effect that, at least in criminal actions which involve moral depravity, the prosecuting witness may, within the discretion of the trial court, be interrogated on cross-examination not only as to the "general moral character" as approved in the majority opinion, but further that, if the state's case rests primarily on the testimony of a single prosecuting witness, and if attending circumstances with respect to that testimony raise a reasonable doubt as to the credibility of the testimony of such witness, refusal of the court to permit the witness to be subjected to the scrutiny of cross-examination regarding the immoral "habits and antecedents"[1] of the wit-

---

1. Webster's New International Dictionary (2nd ed.) defines these words as follows:
   Habit: "An aptitude or inclination for some action acquired by frequent repetition and showing itself in increased facility of performance or in decreased power of resistance; . . ."
   Antecedents: "The earlier events of one's life; previous principles, conduct, course, history, also ancestory."

ness constitutes reversible error. *Bessette* v. *State, supra.*

However, I concur in the result for the reason that in the instant case there was no patent contradiction in the testimony of the prosecuting witness which necessarily created a doubt as to the credibility of his testimony. Therefore, the acceptance or rejection of such testimony was within the discretion of the trial court. Under these circumstances, we cannot say that the court's rejection of the testimony elicited constituted an abuse of discretion which required a reversal of the judgment and the granting of a new trial.

NOTE.—Reported in 207 N. E. 2d 638.