## SKAGGS v. STATE OF INDIANA.

[No. 30,767. Filed October 18, 1966.]

*Carl E. VanDorn,* and *Bolinger, Butcher & VanDorn,* of Kokomo, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

JACKSON, J.—This matter comes to us on appeal from a judgment of conviction of the crime of sodomy.

Appellant was charged by affidavit in two counts, count one charged him with the crime of "Sodomy" with one Debbie Riddle, a human being; count two charged him with the crime of "Assault and Battery with Intent to Satisfy Sexual Desires."

On September 16, 1964, appellant appeared in open court in person and by counsel and entered a plea of not guilty to both counts of the affidavit.

Counsel for appellant entered his appearance and filed a petition to suppress evidence, which, omitting formal parts and signatures, reads as follows:

> "Comes now the Defendant, by his attorney, and petitions the Court to suppress and return to Defendant a certain written instrument dated July 16, 1964 which said written instrument purports to be a statement made by the Defendant and witnessed by Russell Nicholas and Virgil Turner, and in support of said motion to suppress would respectfully show to the Court that the purported statement was not given by the Defendant of his own free will and accord but was taken in violation of the Defendant's rights as contained in the United States Constitution and the Constitution of the State of Indiana."

Thereafter, the court denied the petition to suppress evidence.

Said cause was submitted for trial by jury and at the conclusion of the State's evidence appellant, by counsel, filed Motions for Directed Verdict, such motions, omitting formal parts thereof and signatures thereto, read as follows:

> "Comes now the Defendant, by his attorney, who, at the close of the State's evidence and reserving the right to

submit additional evidence and be heard in argument, now moves the Court to instruct the jury to return a verdict of not guilty on the charge of assault and battery with intent to gratify sexual desires or any included offense for the reason that the State has not proven a prima facie case."

"Comes now the Defendant, by his attorney, who, at the close of the State's evidence and reserving the right to submit additional evidence and be heard in argument, now moves the Court to instruct the jury to return a verdict of not guilty on the charge of sodomy for the reason that the State has not proven a prima facie case."

The court overruled both motions and refused instructions numbered A and B tendered therewith.

At the close of all evidence appellant filed Motions for Directed Verdict addressed to both counts of the affidavit and tendered appropriate instructions, which motions and instructions the court took under advisement, admonished the jury and permitted it to separate for the night.

Thereafter, the appellant, in open court, filed an Amended Motion for Directed Verdict at the close of all the evidence with tendered instructions C, D, E and F. The amended motion, omitting formal parts and signature thereto, reads as follows:

"Comes now the Defendant, at the conclusion of all the evidence in this cause, and now renews his motion for a directed verdict, which said motion was made at the conclusion of the State's case in chief.

"Defendant now further moves for a directed verdict, at the conclusion of all evidence in this cause for the reason that the State has not proven the Defendant guilty of any crime charged herein beyond a reasonable doubt."

Thereafter, the amended motion for directed verdict was overruled by the court.

The jury returned its verdict finding appellant guilty of Sodomy as charged in count one of the affidavit and that he was a male person 18 years of age; the jury by its verdict also found the appellant not guilty of the charge of Assault and Battery with intent to gratify sexual desires.

Thereafter, on the 17th day of December 1964, appellant was, pursuant to the verdict of the jury, sentenced to the Indiana Reformatory for a term of not less than two (2) nor more than fourteen (14) years and fined in the sum of $300.00 and costs. Sentence was suspended during good behavior and appellant was placed on probation for three years.

Within time, appellant filed his motion for new trial, such motion contained twelve grounds and covers sixteen pages of record. The grounds may be summarized as ten (10) grounds charging error of law at the trial, in permitting the witness Martha Riddle to answer certain questions over objections of the appellant; in permitting the introduction of State's Exhibit No. 1 (appellant's alleged confession) in evidence over objection; in giving State's instructions Nos. 3, 10, and 11; in refusing to give defendant's tendered instructions Nos. 3, 5, 10, 11, 12, 13, 14, 15, 19, 22, 23, 24, 25, 28, 29, 30, 31, 32, 33 and 34; in denying appellant's motion for directed verdict at close of State's evidence; in refusing to give defendant's tendered instructions A and B; in denying defendant's Amended Motion for Directed Verdict at close of all the evidence; in refusing to give defendant's tendered instructions C and F; that the verdict of the jury is contrary to law and that the verdict of the jury is not sustained by sufficient evidence.

The court overruled appellant's motion for a new trial, and he assigns as error the sole specification that,

"The trial court erred in overruling the Defendant's (Appellant's) Motion for New Trial."

From the evidence adduced at the trial of this cause, it appears the only incriminating evidence to sustain the verdict herein was the hearsay evidence of Martha Riddle, mother of Debbie Riddle, a three year old child, and that of Roberta Roark, Debbie's aunt, who likewise testified to hearsay evidence, adduced out of the presence of appellant by Martha Riddle. The girl's father also testified that on his return

home from work his wife told him about the incident after which he went to appellant's home and knocked him down.

It appears from the evidence, most favorable to the State, that the statement of the three year old girl was in answer form to questions by the mother, and the court did not permit the child to take the stand or testify on account of her age. With the exception of the confession of the appellant, which he claims was improperly admitted before proof of the corpus delicti, there is only inadmissible hearsay evidence to sustain the judgment of the trial court.

The answer upon which error is predicated is as follows: " 'Mommy, Jerry was tickling me down here,' and she pointed to her privates, and I said, 'Do you mean he had his fingers in your pants?' and she said 'No, he was licking me, he had his tongue in my pants.' "

This testimony is pure hearsay since it purports to be a repetition of what has been said by another and does not come from the personal knowledge of the witness. 8 I. L. E., Criminal Law, § 196, p. 292; See also: *Woods* v. *State* (1954), 233 Ind. 320, 326, 119 N. E. 2d 558, 562; and *Houston* v. *State* (1932), 203 Ind. 409, 180 N. E. 582, 583.

Hearsay testimony is not admissible when proper objection is made thereto. *Ketcham* v. *State* (1959), 240 Ind. 107, 109, 162 N. E. 2d 247, 248; *Polson* v. *State* (1965), 246 Ind. 674, 207 N. E. 2d 638.

The basic reasons for the hearsay rule is the lack of opportunity to cross-examine the person who has personal knowledge of the events at issue. *State* v. *Schaller* (1942), 111 Ind. App. 128, 40 N. E. 2d 976.

The admission of the evidence above referred to constituted reversible error. Such evidence was the only evidence by which the corpus delicti was attempted to be proved in the case at bar. Such evidence being inadmissible for any purpose the corpus delicti was not proved to

sustain either count of the affidavit and therefore the admission in evidence of State's Exhibit No. 1, over objection of the defendant, constituted reversible error. *Dennis* v. *State* (1952), 230 Ind. 210, 102 N. E. 2d 650; *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442; *Hogan* v. *State* (1956), 235 Ind. 271, 275, 132 N. E. 2d 908.

Other questions raised herein need not be considered in view of the determination we are compelled to reach herein and are therefore not discussed.

This cause is reversed and remanded with instructions to grant appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Rakestraw, C. J., Arterburn and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 528.