HAROLD I. LOGSTON *v.* STATE OF INDIANA.

[No. 876S239: Filed June 16, 1977.]

*James Manahan, Esquire,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John P. Avery,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with armed robbery. Prior to trial he filed a plea of not guilty by reason of insanity. Two physicians were appointed by the trial court to examine him. Both found the appellant competent to stand trial. Following a court trial the two physicians testified that appellant was competent. The court found the appellant guilty and sentenced him to twelve years imprisonment.

At the time of the sentencing the trial judge ordered defense counsel to file a motion to correct errors within 60 days. However counsel failed to do so. Appellant then filed a petition for post-conviction relief under PC 1. His sole contention at the hearing on his post-conviction petition was that trial counsel had been incompetent. The court denied his petition and appointed counsel to take an appeal. That counsel filed a motion to correct errors, alleging numerous errors occurring during the original trial. The trial court denied the motion, from which judgment the appellant now appeals.

At the outset we would observe that appellant should have proceeded under PC 2 to file a belated motion to correct errors. However we would also observe the trial court did appear to treat the petition filed as though it had been filed under PC 2. In the interest of judicial economy, this Court will now treat the matter in the same manner and will consider the merits of appellant's appeal from his original conviction.

Appellant's first contention is that the trial court erred in sustaining the State's objection to a cross-examination question which would call for a hearsay answer. He cites the case of *Sears* v. *State,* (1972) 258 Ind. 561, 282 N.E.2d 807, for the proposition that any matter, including hearsay, may be raised on cross-examination. He also cites the case of *Armes* v. *Pierce Governor Co., Inc.,* (1951) 121 Ind. App. 566, 101 N.E.2d 199, as authority for his assertion that any

substantial foreclosure of cross-examination of a prosecution witness constitutes a violation of due process. It is true that the right to cross-examine a witness is fundamental to due process and that the scope of cross-examination of a State's witness in a criminal trial may be broad in order to insure a full and fair exposure of all the facts relevant to the case.

This does not mean however that all rules of evidence are suspended during defendant's cross-examination in a criminal case. In the case of *Polson* v. *State*, (1965) 246 Ind. 674, 207 N.E.2d 638, this Court stated: "The third question asking what the father had told the witness obviously called for a hearsay answer, and therefore the court committed no error in sustaining the objection to it." 246 Ind. at 677, 207 N.E.2d at 640. The basic reason for excluding hearsay testimony is the lack of opportunity to cross-examine the person whose statements are being supplied by the person giving the testimony. *Skaggs* v. *State*, (1966) 247 Ind. 639, 220 N.E.2d 528. To allow the cross-examiner in a criminal case carte blanche, would subject the trial courts to an inundation of irrelevant matter which would be confusing to the judges and juries and would cause undue prolongation of the trial.

The extent to which cross-examination is to be allowed lies within the sound discretion of the trial court. This Court will not reverse a trial court unless a clear abuse of this discretion is shown. *Ringham* v. *State*, (1974), 261 Ind. 628, 308 N.E.2d 863. We find no such abuse in the case at bar.

Appellant next claims the trial court erred in failing to conduct a mental competency hearing when evidence emerged at the trial that he had been taking drugs while in jail. He now contends this revelation, coupled with the physicians' pre-trial reports, which stated that although he was competent to stand trial, he was in the borderline mental retardation range, was sufficient cause for the

trial judge to conduct a mental competency hearing. However we see nothing in the record of this case to justify a reasonable belief that the defendant was incompetent. The trial judge had prior to trial ordered a hearing in which two physicians testified who had examined the appellant. At that time appellant's use of drugs and his suicidal tendencies were noted. These facts notwithstanding, it was the opinion of the physicians that appellant had the comprehension sufficient to understand the charges against him and assist in his defense. There is nothing in this record to indicate any substantial change in the conduct or mannerisms of the appellant from the time of his initial examination to the time of trial. We therefore hold the trial judge was justified in assuming the defendant was still competent during the course of the trial.

Appellant next claims his trial counsel was incompetent in view of the fact he allowed appellant to embark upon testimony which counsel knew to be false and which testimony was prejudicial to appellant. In the post-conviction hearing the trial counsel testified that defendant had informed him of his admission of the robbery charged. Appellant now contends that notwithstanding this information, trial counsel allowed appellant to fabricate a story of his whereabouts at the time of the crime. The appellant had the burden of proof to show incompetence of trial counsel in the post-conviction proceeding. *Hoskins* v. *State,* (1973) 261 Ind. 291, 302 N.E.2d 499. There is also a presumption that trial counsel was competent and the burden is on the appellant to adduce clear and convincing evidence that the conduct of trial counsel reduced the entire proceedings to a mockery of justice. *Hoskins* v. *State, supra.* In this case we find no such showing. It is not at all unusual for a criminal defendant to give unbelievable or highly suspect testimony. Trial counsel could reasonably have assumed that defendant previously had not been telling him the truth. The record in this case does not suggest that a mockery of justice occurred. We fail to see how the appellant could have been harmed by

his trial counsel allowing him to give his own exculpatory testimony.

Appellant next asserts that his trial counsel breached his confidential relationship with appellant when he testified in the post-conviction hearing that appellant told him he committed the robbery. It is true that communications between an attorney and his client are privileged and cannot be divulged without the consent of the client in the ordinary situation. See 30 I.L.E., *Witnesses* § 62 (1960) ; IC 1971 34-1-14-5. However this privilege may be waived by the client. See 30 I.L.E., *Witnesses* § 65 (1960). In the case of *Oliver* v. *Pate,* (1873) 43 Ind. 132, this Court stated:

> "If the party voluntarily testifies as a witness to confidential communications made to his attorney, he thereby destroys the privileged character of the communication and consents that the attorney may be a witness and testify in relation to the same communication, and state all that was said on that subject." 43 Ind. at 143. See also *Key* v. *State,* (1956) 235 Ind. 172, 132 N.E.2d 143.

When the professional integrity of an attorney is attacked by a client, that attorney has a right to defend his conduct as counsel. *Fluty* v. *State,* (1947) 224 Ind. 652, 71 N.E.2d 565. In the case at bar the appellant had directly attacked the competency of his trial counsel. This fact had the effect of waiving the privileged communication between attorney and client and afforded the attorney the right to fully explain his conduct, including communications made to him by his client.

We find no reversible error in this case. The judgment of the trial court is in all things affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result with opinion.

## OPINION CONCURRING IN RESULT

DEBRULER, J.—I cannot agree that the cross-examination of the witness Joseph Alvey was properly curtailed because it

sought to elicit hearsay. Alvey was the victim of the robbery. On cross-examination he was asked whether anyone besides himself had seen the robber's car, which he had described on direct examination. He replied that "a couple of kids" had seen the car and given its license number to the police. This answer was objected to and stricken as hearsay. I believe that this testimony was admissible, not to prove the truth of its subject matter, for which purpose it is inadmissible as hearsay, but to impeach Alvey's credibility by showing information available to the witness which could affect his perception or recollection of the events of which he testified. I further believe that trial judges do not have discretionary power to preclude valid cross-examination. However, since the usefulness of this testimony in evaluating Alvey's credibility is not great, I would hold the exclusion harmless error.

NOTE.—Reported at 363 N.E.2d 975.