Steven V. SANN, Plaintiff,

v.

Patrick F. MASTRIAN III, Defendant.

No. 1:08–cv–01182–JMS–MJD.

United States District Court,
S.D. Indiana,
Indianapolis Division.

July 29, 2011.

Briane M. House, Peter A. Schroeder, Norris, Choplin & Schroeder LLP, Indianapolis, IN, Robert Joseph Nice, The Nice Law Firm, Indianapolis, IN, for Plaintiff.

Brian L. England, Hunt, Suedhoff, Kalamaros LLP, Indianapolis, IN, Philip Edward Kalamaros, Hunt, Suedhoff, Kalamaros, St. Joseph, MI, for Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

MARK J. DINSMORE, United States Magistrate Judge.

This matter is before the Court on Plaintiff Steven Sann's Motion for Protective Order [Dkt. 103] pursuant to Federal Rule of Civil Procedure 26(c)(1)(A). The Court, being duly advised, **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Protective Order, as follows:

In this lawsuit, Plaintiff alleges that Defendant, Patrick Mastrian, III, committed legal malpractice by failing to provide an expert disclosure report pursuant to the Case Management Order in the matter of *Landeen v. PhoneBILLit, Inc. et al.,* 519 F.Supp.2d 844 (S.D.Ind.2007). Sann was also represented in the *Landeen* matter by Krieg DeVault from its inception until October 5, 2006, and by Jon Shields who withdrew his appearance on March 16, 2006. Mastrian first appeared of record on August 21, 2006, and filed a withdrawal of appearance on October 1, 2008, which was granted on October 14, 2008. Robert J. Nice began advising Sann on the matter on or about May 23, 2008 and appeared of record on November 5, 2008. The date of the expert disclosure deadline alleged to be missed was September 29, 2006. Final Judgment on the relevant claims was entered on September 30, 2008 and the time for appeal ran on October 30, 2008. In the present litigation, Krieg DeVault, Shields and Nice have been named as non-parties for their alleged comparative fault arising from their advice and representation of Sann in the underlying action.

Defendant served his First Set of Interrogatories and Request for Production of Documents (hereinafter "Defendant's First Discovery Request") on Plaintiff on November 19, 2009. [Dkt. 52–1 (Ex. A)]. Such request also included a request that Sann sign authorizations for the release of the entire and complete files of The Nice Law Firm, Krieg DeVault, LLP and Jon Shields. [Dkt. 40]. Plaintiff responded to Defendant's First Discovery Request on December 2, 2009 by declining to provide such authorizations and in answering the remaining requests, objected to providing the privileged materials listed in the Plaintiff's Privilege Log. Following a series of motions practice and discussions with the Court, the issue of the discoverability of the attorney-client privileged communications between Sann and his counsel and said counsel's attorney work

product is before the Court on Plaintiff's Motion for Protective Order.

## I. Attorney–Client Privilege

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Plaintiff claims that the documents sought are protected by both the attorney-client privilege and the work product protection and are therefore not discoverable.

■ Because the basis of the Court's jurisdiction in this case is diversity, Indiana state law of privilege applies. Fed.R.Evid. 501. Indiana Code § 34–46–3–1 protects against judicially compelled disclosure of confidential information made to an attorney for the purpose of seeking legal advice. *Brown v. Katz,* 868 N.E.2d 1159, 1166 (Ind.Ct.App. 2007). The information remains privileged until the client consents to the disclosure, and can only be waived by conduct attributable to the client. *Id.* Waiver by the client can occur either explicitly or by implication. *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1098 (7th Cir.1987) (applying Indiana law). "Implicit disclosure can occur when ... a holder relies on a legal claim or defense, the truthful resolution of which will require examining the confidential communication." *Id.* Such implicit waiver is considered an "at issue" waiver.

■ It is unquestionable that Plaintiff has put his communications with Defendant in the underlying lawsuit at issue by bringing a malpractice claim against him such that the communications are discoverable. *Logston v. State,* 266 Ind. 395, 363 N.E.2d 975, 977 (1977). The alleged malpractice occurred when Mastrian failed to serve an expert report, which was due on September 29, 2006. However, the communications between Sann and Mastrian are not at issue in this motion, but rather Sann's communications with prior and subsequent counsel. As stated by the Plaintiff in his Brief in Support of Plaintiff's Motion to Compel, "the underlying action, the cause of the malpractice, should control the determination of the issue waiver."

[Dkt. 104 at 4]. The legal question that Sann has put at issue is liability for the malpractice that allegedly occurred in the underlying case. This includes not only Mastrian's actions, but any other attorney working on the case during the same general timeframe up to September 29, 2006. In order to determine the cause of the malpractice and reach a "truthful resolution," the actions of the other attorneys prior to Mastrian's alleged malpractice are relevant, and by bringing a lawsuit for malpractice, Sann has placed the conduct of all such attorneys at issue.

However, this "at issue" waiver does not extend to communications with attorneys that occurred subsequent to the alleged malpractice. The issue of damages or mitigation of damages alone is not sufficient to effectuate an "at issue" waiver as to subsequent counsel; to permit this would allow any attorney involved in a malpractice action to obtain privileged communication between his former client and the client's new counsel and would render the privilege illusory. *See Fischel & Kahn, Ltd. v. Straaten Gallery, Inc.,* 189 Ill.2d 579, 244 Ill.Dec. 941, 727 N.E.2d 240, 244 (2000), *Jakobleff v. Cerrato, Sweeney & Cohn,* 97 A.D.2d 834, 468 N.Y.S.2d 895 (N.Y.A.D.1983). Thus, allegations that subsequent counsel failed to timely file an appeal or take some other course of action to mitigate damages does not create an implied waiver. The "at issue" waiver applies only to the time period from the inception of the underlying case until the alleged malpractice occurred on September 29, 2006, which would include Sann's representation by Shields, Krieg DeVault, and Mastrian. Because Nice's representation did not occur until after the date that the alleged malpractice occurred, there is no implied waiver of the attorney-client privilege for communications between Sann and Nice. Therefore, Plaintiff's Motion for Protective Order is **DENIED** on the basis of attorney-client privilege as to communications with Shields and Krieg DeVault, and **GRANTED** as to communications with The Nice Law Firm.

## II. Work Product Protection

The work product protection is governed by Federal Rule of Civil Procedure 26(b)(3)

and, unlike the attorney-client privilege provided in Federal Rule of Evidence 501, does not revert to state rules for such privilege. Rule 26(b)(3) provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party...." Fed. R.Civ.P. 26(b)(3)(A). Such materials are discoverable if the requesting party shows it has a substantial need for the materials for the preparation of its case and cannot, without undue hardship, obtain substantially equivalent information or materials by other means. Fed.R.Civ.P. 26(b)(3)(A)(ii). Protection for opinion work product—work product containing "mental impressions, conclusions, opinions or legal theories of a party's attorney"—cannot be overcome by a showing of substantial need. Fed.R.Civ.P. 26(b)(3)(B).

 However, similar to the attorney-client privilege, work product protection may also be impliedly waived via an at-issue waiver. *Eden Isle Marina, Inc. v. U.S.*, 89 Fed. Cl. 480, 503 (Fed.Cl.2009); *Stern v. O'Quinn*, 253 F.R.D. 663, 676 (S.D.Fla.2008). This applies to both ordinary work product and opinion work product. "[W]hile rule 26(b)(3) provides that protection against discovery of the attorney's or representative's 'mental impressions, conclusions, opinions, or legal theories' *shall* be provided, such protection would not screen information directly at issue...." *SEC v. Nat'l Student Mktg. Corp.*, 18 Fed.R.Serv.2d 1302, 1305 (D.D.C.1974) (citing 4 J. Moore, Federal Practice 26.64[4] at 26–447) (emphasis in original). The Court finds that Plaintiff has impliedly waived the work product protection for those documents created by Shields and Krieg DeVault by putting their contents at issue, and thus the motion for a protective order as to these documents is **DENIED.**

 With regard to the work product material created after September 29, 2006, additional information is required. A claim of work product protection must be made on a document-by-document basis, and the party resisting disclosure has the burden of establishing that the documents qualify as work product. *Pippenger v. Gruppe*, 883 F.Supp. 1201, 1211 (S.D.Ind.1994). Federal Rule of Civil Procedure 26(b)(5) requires that a party

asserting such privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that ... will enable the other parties to assess the claim." A blanket objection is not sufficient. *Pippenger*, 883 F.Supp. at 1212. Plaintiff filed his Second Revised Privilege Log of March 24, 2011, [Dkt. 103–1], in which he failed to set forth such information in sufficient detail for the Court to determine which privilege applies and the justification for asserting such privilege or protection for each document.

Defendant may be permitted to obtain non-opinion work product for documents created after September 29, 2006 only upon a showing of substantial need. However, the Court is unable to determine whether the documents listed in the privilege log are in fact protected by the work product protection and upon what basis, and the privilege log does not distinguish between opinion and non-opinion work product. Thus, the Court cannot make a determination as to which documents created by Nice may be discoverable based upon Defendant's showing of substantial need and which are entitled to a protective order until such time as Plaintiff amends his privilege log to make the distinction as to which privilege or protection applies and the justification for asserting the privilege for each document. The Court's decision on Plaintiff's Motion for Protective Order on the basis of work product protection for documents created after September 29, 2006 shall be made once Plaintiff has revised its privilege log.

### III. Conclusion

In light of these considerations, the Court finds as follows:

1. Plaintiff has implicitly waived the attorney-client privilege as to communications between himself and Jon Shields, Krieg DeVault, and Defendant and is therefore not entitled to a protective order for these communications on the basis of attorney-client privilege.

2. Plaintiff has not waived the attorney-client privilege as to communications

with The Nice Law Firm and thus is entitled to a protective order for these communications on the basis of attorney-client privilege.

3. Plaintiff has implicitly waived the work product protection as to documents created by Jon Shields and Krieg DeVault and is therefore not entitled to a protective order for those documents.

4. Plaintiff has failed to set forth sufficient detail as to the basis for the assertion of any privilege or protection in his Second Revised Privilege Log of March 24, 2011 with regard to documents created after September 29, 2006. Plaintiff is hereby ordered to file a revised privilege log on or before August 8, 2011, sequentially numbering each log entry and including the type of privilege or other protection from disclosure (*e.g.*, work product) asserted for each document and a specific explanation of why each document is privileged or otherwise immune from discovery. On or before August 18, 2011, Defendant may submit a brief setting forth, on a document-by-document basis, his claim of substantial need for any work product document so logged. Plaintiff may respond to such claim of substantial need on or before August 23, 2011. Once the privilege or protection for each document has been identified and the specific claim of substantial need articulated, the Court at that time can make the determination as to which specific work product documents dated after September 29, 2006 may be subject to a protective order and which documents are discoverable upon Defendant's showing of substantial need for the documents.