## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2015, 9:28 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

James A. Lynn
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James A. Lynn,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 29, 2015

Court of Appeals Case No.
70A01-1412-PC-534

Appeal from the Rush Circuit Court

The Honorable Beth A. Butsch, Special Judge

Trial Court Cause No.
70C01-1405-PC-154

**Kirsch, Judge.**

James A. Lynn appeals the denial of his petition for post-conviction relief, contending that the post-conviction court erred in denying his petition. On appeal, he raises several issues that we consolidate and restate as:

I. Whether Lynn received ineffective assistance of trial counsel;

II. Whether Lynn's freestanding allegations of error are procedurally defaulted and waived for appellate review; and

III. Whether the post-conviction court abused its discretion in allowing Lynn's trial counsel to testify to statements Lynn made to him in order to explain counsel's trial strategy.

We affirm.

## Facts and Procedural History

The facts supporting Lynn's convictions as set forth by this court in an unpublished decision on his direct appeal are as follows:

> On December 21, 2012, Rebecca McDonald ("McDonald") came home from work and saw a white truck that she did not recognize in her driveway. McDonald was talking to a friend on her cell phone and told her about the truck; the friend said that she would call 911. McDonald parked next to the truck and blocked its exit from her driveway. McDonald got out of her vehicle and saw Lynn bringing items out of her home and putting them into the white truck. Lynn saw McDonald in the driveway, and he reached across the inside of the truck and blew the horn. Another man came out of McDonald's house and got into the white truck. The white truck fled and rammed McDonald's car in the process. As the white truck fled, McDonald saw the license plate number of the truck and reported it to the police.

Law enforcement investigated the license plate number and determined that the truck was registered to Paul Rice ("Rice"). Law enforcement also connected Lynn to the truck through photographs from a scrap yard in Delaware County. With this information, police were able to put together photo arrays to show McDonald. McDonald identified Lynn and Rice as the men who burglarized her house.

On January 11, 2013, the State charged Lynn with burglary as a Class B felony and theft, a Class D felony. Prior to trial, Lynn filed a motion to suppress the photo array prepared by police and shown to McDonald in an effort to identify him. Lynn claimed that he was denied due process because the photo array was unduly suggestive. The trial court denied Lynn's motion. . . .

On May 7, 2013, the trial court conducted a jury trial. Lynn renewed his objection to the photo array when it was offered into evidence by the State. However, he did not object to McDonald's in-court identification. The jury found Lynn guilty of both counts and the trial court set the matter for sentencing. The trial court held a sentencing hearing on June 6, 2013 and sentenced Lynn to twenty (20) years executed on the burglary conviction and three (3) years executed on the theft conviction. The trial court ordered all of the executed time served in the Department of Correction with the counts running concurrently.

*Lynn v. State*, No. 70A04-1307-CR-317, *1 (Ind. Ct. App. Feb. 28, 2014).

[4] After his conviction, Lynn filed a direct appeal of his convictions, and a panel of this court affirmed his convictions and sentence. *Id.* On May 7, 2014, Lynn filed a petition for post-conviction relief, which was later amended on July 15, 2014. An evidentiary hearing was held, and on November 25, 2014, the post-

conviction court issued findings of facts and conclusions thereon, denying Lynn's petition for relief. Lynn now appeals.

## Discussion and Decision

[5] Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164 (2002); *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct. App. 2006), *trans. denied*, *cert. denied,* 549 U.S. 1038 (2006). The proceedings do not substitute for a direct appeal and provide only a narrow remedy for subsequent collateral challenges to convictions. *Ben-Yisrayl*, 738 N.E.2d at 258. The petitioner for post-conviction relief bears the burden of proving the grounds by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[6] When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment. *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied*. The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court. *Id*. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence

and the credibility of witnesses. *Lindsey v. State*, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008), *trans. denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

## I. Ineffective Assistance of Counsel

[7] When evaluating a claim of ineffective assistance of counsel, we apply the two-part test articulated in *Strickland v. Washington,* 466 U.S. 668 (1984). *Perry v. State*, 904 N.E.2d 302, 308 (Ind. Ct. App. 2009) (citing *Pinkins v. State,* 799 N.E.2d 1079, 1093 (Ind. Ct. App. 2003), *trans. denied*), *trans. denied*. First, the defendant must show that counsel's performance was deficient. *Id*. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed to the defendant by the Sixth and Fourteenth Amendments. *Id.* Second, the defendant must show that the deficient performance resulted in prejudice. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

[8] Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002). We will not lightly speculate as to what

may or may not have been an advantageous trial strategy, as counsel should be given deference in choosing a trial strategy that, at the time and under the circumstances, seems best. *Perry*, 904 N.E.2d at 308 (citing *Whitener v. State,* 696 N.E.2d 40, 42 (Ind. 1998)). Isolated omissions or errors, poor strategy, or bad tactics do not necessarily render representation ineffective. *Shanabarger v. State*, 846 N.E.2d 702, 708 (Ind. Ct. App. 2006), *trans. denied*. The two prongs of the *Strickland* test are separate and independent inquiries. *Manzano v. State*, 12 N.E.3d 321, 325 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 135 S. Ct. 2376 (2015). "Thus, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Id.* (quoting *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *cert. denied*, 537 U.S. 243 (1998)).

[9] Lynn argues that he received ineffective assistance of trial counsel both from counsel who represented him during his trial and from counsel who represented him during his sentencing. Prior and during trial, Lynn was represented by Bryan Barrett ("Barrett"). Lynn initially contends that Barrett was ineffective for failing to investigate an alibi defense and failing to present the testimony of several witnesses that Lynn claims would have supported his alibi defense and proven that he was not present at the victim's home on the day of the burglary. "Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review." *Benefield v. State*, 945 N.E.2d 791, 797 (Ind. Ct. App. 2011). "[I]n the context of an ineffective assistance claim, 'a decision regarding what witnesses to call is a matter of trial

strategy which an appellate court will not second-guess.'" *McCullough v. State*, 973 N.E.2d 62, 83 (Ind. Ct. App. 2012) (quoting *Curtis v. State,* 905 N.E.2d 410, 415 (Ind. Ct. App. 2009), *trans. denied*), *trans. denied*.

[10]    At the post-conviction hearing, evidence was elicited that Lynn confessed to Barrett that he was involved in the burglary. Lynn's confession would have created ethical difficulties for Barrett that would have prohibited him from presenting an alibi defense at trial. Additionally, the confession would have made clear the strength of the State's evidence identifying Lynn as one of the burglars and highlighted the unlikelihood that Lynn's alibi evidence would have been more reliable than the victim's identification. Barrett faced the State's evidence consisting of the victim's positive identification of Lynn, whom she had been able to observe on a clear afternoon while wearing her glasses and looking directly at him as he placed her property inside of the Ford truck. Faced with this evidence and having knowledge of Lynn's confession, we conclude that Barrett's decision not to present an alibi defense at trial was one of trial strategy that we do not find was unreasonable. Additionally, Lynn's contentions concerning Barrett's failure to investigate are without merit. His assertions regarding not investigating statements by certain witnesses was contradicted by evidence that Barrett spoke with the witnesses and reviewed pretrial statements made by the witnesses. Lynn also lists several additional suspects that Barrett failed to investigate, but does not provide evidence about who these witnesses are or what further investigation would have revealed.

Lynn, therefore, failed to show deficient performance of Barrett or any prejudice resulting from this alleged failure to investigate.

[11] Lynn also claims ineffective assistance of trial counsel due to Barrett's failure to timely file a motion to suppress the photo array used in the identification of Lynn by the victim and failure to timely object at trial to the same evidence. However, the evidence at the post-conviction hearing showed that Barrett did file a motion to suppress the photo array evidence, which was denied by the trial court. *PCR Tr.* at 50. Barrett also objected to the evidence during trial, and such objection was overruled. *Id.* Lynn has failed to prove that Barrett was ineffective for failing to challenge the identification evidence. Further, to the extent that Lynn argues that Barrett was ineffective for failing to give Lynn the opportunity to file an interlocutory appeal regarding the denial of his motion to suppress, we do not find ineffective assistance of counsel as any claim of prejudice was foreclosed by the decision on direct appeal. *Lynn*, No. 70A04-1307-CR-317 at *2; *see Kubsch v. State*, 934 N.E.2d 1138, 1143 n.2 (Ind. 2010) ("A petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error . . .[;] an issue previously considered and determined in a defendant's direct appeal is barred for post-conviction review on grounds of . . . res judicata.").

[12] Lynn next argues that his trial counsel was ineffective for failing to impeach the victim's testimony at trial. Lynn focuses on alleged discrepancies concerning the order in which the victim first observed the burglars and not on her

identification of the burglars, which was the focus of Barrett's defense at trial. Our Supreme Court has held that the method of impeaching a witness is a tactical decision and a matter of trial strategy that does not amount to ineffective assistance. *Kubsch*, 934 N.E.2d at 1151. We, therefore, conclude that Lynn has failed to show Barrett was ineffective in his impeachment of the victim.

[13] Lynn additionally asserts that Barrett was ineffective for not discussing potential plea agreements with him. Lynn points to one draft plea agreement and one partial second plea agreement that are included in his appendix. *Appellant's App*. at 23-25. However, at the post-conviction hearing, Lynn asked Barrett if, after the suppression hearing, Lynn ever requested a continuance in order to consider a plea agreement, to which Barrett stated he could not recall. *PCR Tr*. at 51. The suppression hearing occurred on May 7, 2013, and one of the draft plea agreements expired on May 2, 2013, while the second draft agreement was missing the second page that would have contained the expiration date. Lynn has failed to prove ineffective assistance for failure to discuss potential plea agreements.

[14] Lynn also contends that Barrett was ineffective for failing to object to a final jury instruction on aiding and abetting because Lynn claims the instruction should have required "proof of specific intent of crime specified" and relies on *Hopkins v. State*, 759 N.E.2d 633 (Ind. 2001). However, that case dealt with aiding and abetting in a prosecution for attempted murder and is not applicable to the present case. The jury instruction given in this case was a correct

statement of the law and properly instructed the jury that in order to find Lynn guilty as an accomplice, the State was required to prove that Lynn knowingly or intentionally aided another person in breaking and entering the victim's home with the intent to commit theft. *Trial Tr.* at 311-12. We find no ineffective assistance of counsel.

[15] Lastly, Lynn argues that he received ineffective assistance of his counsel at sentencing. During sentencing, Barret withdrew, and Andrew Eads ("Eads") represented Lynn. Lynn initially contends that Barrett and Eads were ineffective because they allowed his rights to be violated under *Blakely v. Washington*, 542 U.S. 296 (2004) as the jury did not decide the aggravating factors during sentencing. However, the Indiana Legislature enacted a new sentencing regime in response to *Blakely*, which eliminated fixed terms and created a sentencing scheme in "which there is no longer a maximum sentence a judge 'may impose without any additional findings.'" *Anglemyer v. State*, 868 N.E.2d 482, 489 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007) (quoting *Blakely*, 542 U.S. at 304). Therefore, any claims concerning violations under *Blakely* have no merit.

[16] Lynn next asserts that Eads was ineffective for failing to present character witnesses during sentencing and witnesses who would have testified to mitigating factors that should have been presented to the trial court. During the post-conviction hearing, Lynn presented the testimony of several witnesses, who all testified that they had information that would have been relevant at sentencing, but did not testify as to what that information would have been.

He, therefore, failed to establish that the failure to have these witnesses testify at sentencing prejudiced him. Lynn also contends that Eads was ineffective for failing to allow Lynn to testify at sentencing. However, Lynn did not testify at the post-conviction hearing and did not question Eads in detail about conversations they had about Lynn's demand to testify at sentencing. We conclude that Lynn has not shown how he was prejudiced by this strategic decision by Eads, especially in light of the evidence presented at sentencing of Lynn's extensive criminal history and the circumstances of the crime in which Lynn and his co-defendant struck the victim's vehicle that she was standing near at the time and shoved it out of the way to escape from the crime scene.

[17] Lynn also claims that he received ineffective assistance of counsel at sentencing due to Eads's failure to obtain Lynn's educational and mental health records or to consult with a mental health professional. However, Lynn did not admit any educational or mental health records at the post-conviction hearing or any testimony regarding what information a mental health professional would have provided to the trial court. Additionally, at sentencing, the trial court was able to consider the pre-sentencing report and discussed Lynn's physical illnesses and mental health conditions when it pronounced the sentence, considering such as a mitigating factor. Lynn has not established how he was prejudiced by any failure to present further mental health evidence.

[18] Lynn further contends that Eads was ineffective for failing to object to admission of the victim's list of values for the jewelry stolen from her during the burglary that was used to establish the restitution order. During the sentencing

hearing, Eads cross-examined the victim regarding how she assigned values to the jewelry and argued the issue of valuation and that the victim's listed values seemed high. A victim's in-court testimony may be sufficient to support a restitution order. *See Blixt v. State*, 872 N.E.2d 149, 153-54 (Ind. Ct. App. 2007) (holding evidence sufficient to support restitution order based solely on testimony from victim's mother that she paid a certain amount to cover daughter's psychiatric services). We find that Eads was not ineffective as to his handling of the victim's restitution request.

Lastly, Lynn raises a claim that all of the contentions he has asserted constitute a "compilation of errors" that taken cumulatively amount to ineffective assistance of counsel. *Appellant's Br.* at 21. "Alleged '[t]rial irregularities which standing alone do not amount to error do not gain the stature of reversible error when taken together.'" *Kubsch*, 934 N.E.2d at 1154 (quoting *Reaves v. State,* 586 N.E.2d 847, 858 (Ind. 1992)). We, therefore, conclude that Lynn is not entitled to relief on this claim.

## II. Free-standing Claims of Error

Post-conviction proceedings are civil proceedings that provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007) (citing *Conner v. State,* 711 N.E.2d 1238, 1244 (Ind. 1999), *cert. denied*, 531 U.S. 829 (2000)), *cert. denied*, 552 U.S. 1314 (2008). Thus, if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed.

*Id.* (citing *Timberlake,* 753 N.E.2d at 597). "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.*

[21] In the present case, Lynn raises several free-standing claims of error in his appellate brief. He first contends that the trial court erred when it did not conduct an inquiry at sentencing as to his ability to pay before entering a restitution order and that the restitution order and sentence were illegal. Lynn also argues that he was denied due process based on a violation of Criminal Rule 4(B). He further claims that he suffered a due process violation because of several errors in his sentencing including: (1) the aggravators were improperly found; (2) improper aggravators were used by the trial court to enhance his sentence; and (3) he was not allowed to present evidence at sentencing.

[22] These freestanding issues raised by Lynn were all known and available at the time of his direct appeal. Therefore, the issues had to be raised on direct appeal, and because they were not, they are procedurally foreclosed and may not be raised now for the first time on post-conviction relief. We conclude that Lynn's freestanding claims of error are foreclosed from our review on appeal. Further, to the extent that he attempts to argue that his appellate attorney was ineffective for failing to raise these issues in his direct appeal, we find such argument waived for failure to provide a cogent argument in support of such contention. A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record.

*Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009)*; see also* Ind. Appellate Rule 46(A)(8) (requiring that contentions in appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal). Here, Lynn merely provides a single sentence that his appellate attorney's failure to address these issues deprived him of due process. *Appellant's Br.* at 33. Therefore, Lynn has waived any claim regarding ineffective assistance of appellate counsel by failing to provide a cogent argument in support of such claim.

## III. Counsel's Testimony

[23] Lynn contends that the post-conviction court abused its discretion when, in order to explain the trial strategy he employed, the post-conviction court allowed Barrett to testify to statements that Lynn made to Barrett prior to trial. The admission or exclusion of evidence in a post-conviction proceeding is within the post-conviction court's sound discretion. *Hyppolite v. State*, 774 N.E.2d 584, 600 (Ind. Ct. App. 2002), *trans. denied*. We defer to the post-conviction court and will not disturb its ruling on review unless there was an abuse of discretion. *Id.* A defendant waives the attorney-client privilege when he files a petition for post-conviction relief on the grounds of ineffective assistance of counsel. *Carter v. State*, 738 N.E.2d 665, 674 n.6 (Ind. 2000). "'When the professional integrity of an attorney is attacked by a client, that attorney has a right to defend his conduct as counsel.'" *Id.* (quoting *Logston v. State*, 266 Ind. 395, 399, 363 N.E.2d 975, 977 (1977)). We, therefore, conclude that the post-conviction court did not abuse its discretion in allowing Barrett to

testify regarding statements made by Lynn in order to explain counsel's trial strategy.

[24] Affirmed.

Najam, J., and Barnes, J., concur.